E. M. RIDDLE, Appellant, v. W. B. NORRIS, Assignee, *et al.*, Respondents.

Kansas City Court of Appeals, November 9, 1891.

1. **Chattel Mortgage** : INDORSEMENT OF, ON NOTE GOOD BETWEEN THE PARTIES : AGREEMENT TO MAKE : CONSTRUCTION. The following indorsement on a note : " As security for the within note I hereby mortgage and pledge to McD., or order, all my art store stock, etc., and agree at any time to make a chattel mortgage of same," is *held* a good mortgage between the parties, and the agreement " to make a chattel mortgage " is *held* to mean a formal mortgage for record to be good against the world.

2. **Assignment** : ASSIGNEE CANNOT DEFEND AGAINST ASSIGNOR'S MORTGAGE. An assignee for the benefit of creditors cannot defend against his assignor's mortgage on the ground that it is fraudulent and void as to creditors. ( *Following Jacobi v. Jacobi*, 101 Mo. 507.)

3. ———— : ————. ( *Hughes v. Menefee*, 29 Mo. App. 192, *distinguished.*)

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Jas. F. Pitt*, for appellant.

(1) " As security for the within note I hereby mortgage and pledge," are apt words of conveyance. They indicate the nature and intention of the instrument as plainly as if written out in the most formal language. " To mortgage " means to convey with a defeasance. The purpose was expressed. The use of the word " pledge " in this connection gave the right to immediate possession. *Bascom v. Rainwater*, 30 Mo. App. 483; Jones on Chattel Mortgages, secs. 1, 4, 12, 14. (2) The covenant for a " chattel mortgage," a

formally drawn and acknowledged instrument, does not affect the validity of the deed.   In view of the law upon this subject, and the situation of the parties, this covenant was specially appropriate.   It required more formality to make this same title good as against third parties.   Abbott's Law Dictionary, Title "Assure."

*Stauber & Crandall, J. M. Wilson* and *W. B. Norris*, for respondents.

The court rightfully refused to declare foreclosure in this case.   *First.*   Because there was no mortgage to foreclose ; the indorsement on the note does not constitute a mortgage any more than it does a pledge, and what was intended by the parties is expressed in the last clause where Allen agrees to make a chattel mortgage some time in the future ; and in the testimony of McDonald, who testifies that he wanted a chattel mortgage, but Allen refused to give him one.   Even if the words used constituted an equitable mortgage it would not avail appellant in this proceeding at law.   Jones' Chattel Mortgages, secs. 3, 10, 18, 34 ; *Mason v. Bernard*, 36 Mo. 384.   *Second.*   The assignee, while he takes subject to existing equities, is also the representative of the creditors, and can successfully resist the claim of appellant, who stands on an instrument void by the statute of this state because not recorded, and no change of possession.   R. S., sec. 5176 ; *Hughes v. Menefee*, 29 Mo. App. 200 ; Jones' Chattel Mortgages, sec. 314, and cases cited.

ELLISON, J.—This action is based upon the following instrument and indorsement thereon :

"$575.          ST. JOSEPH, Mo., September 28, 1889.

"One day after date, I, the maker of this note, promise to pay to S. McDonald, Jr., or order, $575, for value received, negotiable and payable at the State Savings Bank in St. Joseph, Missouri, without defalcation or discount, with ten-per-cent. interest per annum

after date until paid ; the interest, if not paid annually, to become part of the principal and bear the same rate of interest.

"[ Signed ]                    THOMAS ALLEN.

"First indorsement:  As security for the within note I hereby mortgage and pledge to S. McDonald, Jr., or order, all my art store stock, including easels, chairs, mitre, etc., moldings and pictures of all kinds.  And agree at any time to make a chattel mortgage of same to him or order at any time hereafter of all the above. Now in Y. M. C. A. room on corner of Seventh and Felix streets, St. Joseph, Missouri.

"[ Signed ]                    THOMAS ALLEN.

"Second indorsement:  Pay to the order of E. M. Riddle.

"S. McDONALD, JR.,

"( Without recourse )."

It is sought to obtain judgment on the note as well as of foreclosure of the alleged mortgage contained in the indorsement.

There was no change of possession of the goods. Riddle is the indorsee of McDonald, the payee of the note.  Allen, the maker of the instrument, made a general assignment, for the benefits of his creditors to defendant Norris, who is now in possession of the goods in controversy, and the other defendants are general creditors of Allen, made parties on their own motion. Judgment was given for the note, but against the mortgage.  The court, as the record states, "refused a decree for foreclosure because the above indorsement declared on as a mortgage was not in terms a mortgage, and under the evidence the instrument did not constitute a mortgage in law."

I.  We are of the opinion that the instrument is sufficient to constitute a subsisting valid mortgage between the parties thereto.  It discloses that it is for the purpose of securing the note and it has words sufficiently apt to show that a conveyance for that purpose

was intended. That portion stating an agreement to make a chattel mortgage can well be held to mean that a formal mortgage for record, which would be good against the world, would thereafter be executed.

The mortgage not being acknowledged or recorded is void as to creditors, and this brings us to another branch of the case. Norris is the assignee under the statute of this state, and the question is, can he defend against the mortgage of the assignor on the ground that it is fraudulent and void as to creditors? Under authority of the case of *Jacobi v. Jacobi*, 101 Mo. 507, we must hold that he cannot.

Defendant cites us to the case of *Hughes v. Menefee*, 29 Mo. App. 192. That case is not like this, though a similar chain of reasoning can be applied to this case as to that. But that case was where it was held that an administrator of an insolvent estate could defend against the mortgage void as to the creditors of the estate, though it might be good as between the parties. In support of that case, see *Kilbourne v. Fay*, 29 Ohio St. 264, and authorities cited.

The judgment must be reversed, and the cause remanded. All concur.