RUSSELL H. HEMLEY, Administrator, etc., Respond-
ent, v. BONIFANT R. HARMON, Appellant.

**Kansas City Court of Appeals, November 23, 1903.**

1. **ADMINISTRATOR: Impeachment of Chattel Mortgage: Trustee
   of Creditors: Insolvent Estate.** While ordinarily an adminis-
   trator is the representative of the deceased, yet he is also a
   trustee for the creditors of the estate, and in a contest between
   general creditors and one asserting a particular claim he rep-
   resents the general creditors, especially if the estate is insol-
   vent; and he may therefore impeach a chattel mortgage made
   by the decedent, although good as between the parties.

2. **CHATTEL MORTGAGES: Delivery of Possession: Record.**
   Where possession of property is not delivered there can be no
   valid chattel mortgage against creditors unless it is acknowl-
   edged and recorded.

Appeal from Harrison Circuit Court.—*Hon. P. C.
Stepp*, Judge.

AFFIRMED.

*O. N. Gibson* for appellant.

(1)  The failure to record a chattel mortgage, does
not render it a nullity; it is nevertheless valid between
the parties thereto, their executors, administrators, heirs
and assigns.  Bennett v. Robinson, 19 Mo. 654; John-
son v. Jeffries, 30 Mo. 423; Bank v. Bell, 2 Mo. App.
102; Henrich v. Wood, 7 Mo. App. 236; Crawford v.
Harter, 22 Mo. App. 631; Drew v. Drum, 44 Mo. App.
25; Vette v. Lenori, 42 Mo. App. 217; Mead v. Maberry,
62 Mo. App. 557.  (2)  The widow's post mortem
claims for personal dower, and a year's support, do not

constitute her a creditor in the sense that enables her to impeach her deceased husband's chattel mortgage because unrecorded. McLaughlin v. McLaughlin, 16 Mo. 242; Crecelius v. Horst, 89 Mo. 356; Brandon v. Dawson, 51 Mo. App. 237; Sumner v. McKee, 89 Ill. 127; Wolfe v. Perkins, 9 S. W. 432; Small v. Small, 30 L. R. A. 232; Dickerson's Appeal, 115 Pa. 198; Jones on Chattel Mortg. (4 Ed.), 239. (3) And no creditor is entitled to attack it until he has acquired some right to, or lien upon the property, by attachment, execution, creditor's bill, or the like. Harrison v. Mining Co., 95 Mo. App. 80; Landis v. McDonald, 88 Mo. App. 334; Thompson v. Massey, 75 Mo. App. 197. (4) And the fact that the estate is insolvent, will not enable the administrator to impeach his intestate's chattel mortgage, because unrecorded, or because constructively fraudulent as to creditors. McLaughlin v. McLaughlin, 16 Mo. 242; Brown v. Finley, 18 Mo. 375; Criddle v. Criddle, 21 Mo. 522; George v. Williams, 26 Mo. 190; Merry v. Fremon, 44 Mo. 518; Jackman v. Robinson, 64 Mo. 289; Hall v. Callahan, 66 Mo. 316; Zoll v. Soper, 75 Mo. 460; Jacobi v. Jacobi, 101 Mo. 507; Lewis v. Ins. Co., 7 Mo. App. 112; Henrichs v. Woods, 7 Mo. App. 236; McFarland v. Creath, 35 Mo. App. 112; Drew v. Drum, 44 Mo. App. 25; Jones on Chat. Mortg. (4 Ed.), sec. 240; Mayers v. Meyers (Ind.), 27 N. E. 740; Sumner v. McKee, 89 Ill. 127; Martin v. Ogden, 41 Ark. 186; Wolf v. Perkins (Ark.), 9 S. W. 432; Jones on Chat. Mort. (4 Ed.), sec. 240; Bump on Fraud. Conv. (4 Ed.), 433, n. 3; 14 Am. and Eng. Ency. Law (2 Ed.), 333. (5) But even where these statutes exist, proof of insolvency is an indispensable prerequisite to the right of the administrator to impeach the conveyance. In the case at bar, insolvency was neither pleaded nor proved. Bagley v. Harmon, 91 Mo. App. 22; Bump on Fraud. Conv. (4 Ed.), sec. 433, n. 3; 14 Am. and Eng. Ency. Law (2 Ed.), 334, n. 1, and cases cited.

*Hall & Hall* for respondent.

(1) The points made in appellant's brief were all raised by appellant and passed upon by this court on the former appeal and are therefore *res adjudicata* and no longer open to dispute. Chapman v. Railroad, 146 Mo. 481; Carey v. West, 165 Mo. 452; Butler County v. Bank, 165 Mo. 456; Winter v. Supreme Lodge, 73 S. W. 877; State ex rel. v. Stuart, 74 S. W. 452; Livingston v. Allen, 87 Mo. App. 179; Printing Co. v. Protective Ass'n, 81 Mo. App. 467; May v. Crawford, 150 Mo. 504; Furniture and Carpet Co. v. Davis, 86 Mo. App. 296. This is so even though the first ruling was erroneous. Hume v. Egon, 83 Mo. App. 576; Crecelius v. Bierman, 68 Mo. App. 34, and cases cited. (2) The only issues on the second trial were the questions of fact as to the insolvency of the estate and the terms of the contract; the appellant objected to the consideration of the first of these questions and the jury found against him on the second. There was ample evidence to support the finding and the judgment of the circuit court ought to be affirmed. Butler Co. v. Bank, 165 Mo. 456; Winter v. Lodge, 72 S. W. 877; Carpet Co. v. Davis, 86 Mo. App. 296. (3) Although it might appear to this court that the weight of the evidence was with appellant, yet the verdict of the jury is not without substantial evidence to support it, and for that reason it can not be disturbed here. Henry v. Railroad, 109 Mo. 488, 492; Bray v. Kemp, 113 Mo. 552; Dean v. Chander, 44 Mo. App. 339; Watson v. Stromberg, 46 Mo. App. 630; Hayden v. Parsons, 70 Mo. App. 493; Findley v. Railroad, 73 Mo. App. 643; Huth v. Dohle, 76 Mo. App. 671; Steube v. Foundry Co., 85 Mo. App. 640; Waggoner v. South Gorin, 88 Mo. App. 25; Com. Co. v. Summers, 89 Mo. App. 300; Zellars v. Light Co., 92 Mo. App. 107. (4) The rule of appellate practice is, that if the trial of a cause is without error materially affecting the merits of the action, the judgment must be affirmed.

R. S. 1899, sec. 865; Fulkerson v. Long, 63 Mo. App. 268; Carroll v. Shooting the Chutes Co., 85 Mo. App. 563; Mitchell v. Bradstreet Co., 116 Mo. 226, 244; Morgan v. Railway, 159 Mo. 262, 284.

BROADDUS, J.—This case was formerly in this court. See Bagley v. Harmon, 91 Mo. App. 22. On the former hearing it was reversed and remanded, since when the present plaintiff was substituted for that of Bagley, the former administrator. The evidence is somewhat different from what it was on the former trial. It appears that S. H. Bagley was a resident of the city of Trenton, in Grundy county, Missouri, for several years prior to his death, and was engaged in running and operating a harness store and in making, buying and selling harness and other merchandise usually connected therewith. About the 10th of July, 1900, he moved his stock from Trenton to Gilman City, in Harrison county, Missouri, and purchased a stock of harness from one William Dorney and added it to the stock moved from Trenton. On the 10th of July, 1900, he gave Dorney a chattel mortgage on the stock to secure a note of $435.30 due January 1st after date. While said Bagley continued to run and operate said business in Gilman City from that time until his death, October 15, 1900, he resided in Trenton, Grundy county, Missouri, as shown by the testimony and the admissions contained in defendant's answer and made on the trial. Instead of causing said mortgage to be recorded in Grundy county, the county in which Bagley, the mortgagor, resided, as required by law, said Dorney caused said mortgage to be recorded in Harrison county, Missouri, on the 1st day of August, 1900. He had it recorded in Grundy county, Missouri, on the 30th day of November, 1900, six weeks after the death of Mr. Bagley, the mortgagor, and after letters had been granted upon his estate, the property had been inventoried, appraised and sold to appellant. After her appointment,

the administratrix took possession of the mortgaged property, and by order of the probate court opened up and ran the harness store covered by the mortgage and sold at retail until the — day of November, 1900, when she sold the stock to appellant for seventy-two and one-half cents on the appraised value, and the tools at fifty per cent of appraised value. T. F. Fulkerson, as a friend, advised and assisted the administratrix in making the trade, and some time during the negotiations he learned of the mortgage on the goods, but was not present at the time the trade was closed. The negotiations commenced at Trenton, at which time Fulkerson called plaintiff to his office. The parties disagreed about the assignment of insurance on the stock, and appellant went home. Two or three days after this, the administratrix went to Gilman City and closed the trade with him at the price named. In a day or two Fulkerson and one Mr. Powell went over to Gilman City with plaintiff to invoice the goods and complete the trade. After appellant had satisfied himself as to the invoice of the goods previously taken by the administratrix, they figured up the amount, appellant took possession of the property and they went to the bank to get the money. The statement of facts thus far is practically agreed to be correct.

The evidence of Mrs. Bagley, the administratrix, tended to show that there was nothing said to her about the said mortgage at or prior to the time of the sale and transfer of the goods to the defendant; that when she went to the bank to receive the purchase price, defendant, for the first time, proposed to deduct from the same the amount of said mortgage; that she refused to do so without instructions from her attorney, who later told her not to allow the credit. On the other hand, defendant's testimony was to the effect that he was to take the property free of the mortgage debt. It is agreed, however, that defendant took possession of the goods and disposed of them in the usual course of trade.

There was a trial before a jury which resulted in a verdict for the plaintiff. The issue raised on instructions by the respective sides was whether the property was sold by Mrs. Bagley, the administratrix, to defendant for a certain cash price without giving credit for the amount of said mortgage, or for such price less a credit of said amount. And the defendant by one other instruction asked the court to say to the jury: "The plaintiff in this case represents S. H. Bagley, deceased, and is bound by his contracts, and will not be permitted in law to impeach or avoid the chattel mortgage in question, because it was void as to creditors, or because it was recorded in the wrong county, and the fact, if it be a fact, that the estate of said S. H. Bagley is insolvent gives the said Mary Bagley or the plaintiff in this case no right to impeach or avoid said chattel mortgage." This the court refused. No particular objection can be taken as to any of the other instructions given, which leaves for our consideration alone the propriety of the action of the court in refusing to give the one mentioned.

The question is presented by this instruction of the right of an administrator to impeach the validity of a chattel mortgage executed by his intestate. It seems that under certain circumstances he may do so. In Hughes v. Menefee, 29 Mo. App. 192, the deceased had agreed for a consideration to execute a chattel mortgage on certain personal property of which he died seized and which went into the possession of his administrator. The suit was to compel the administrator to execute the agreement made by the deceased. The court held: "While, ordinarily, the administrators are the representatives of the deceased, they are also trustees for the creditors of the estate of the deceased; and in case of a contest between the general creditors and one asserting a particular claim, as here, they may be said to represent the general creditors. Especially. is this so when the estate is insolvent." It was decided that the administrator could defend on behalf of plaintiff Hughes who was

asserting the right to have an unrecorded agreement
for a mortgage enforced, and: "A regular written mort-
gage, duly acknowledged but not recorded, is void. . . .
When possession is not delivered there can be no valid
chattel mortgage in this State, as against creditors,
unless it be executed, acknowledged and recorded."
See Riddle v. Norris, 46 Mo. App. 512, where the same
rule of law is repeated.

We find no other cases to the same import in this
State. The case of Hughes v. Menefee is in accord
with the decision in Kilbourne v. Fay, 29 Ohio St. 264,
where it was held: "When a chattel mortgage is de-
clared void by statute as against the creditors of the
mortgagor and the mortgagor dies in possession of the
mortgaged property, leaving an insolvent estate, such
property becomes assets in the hands of the executor or
administrator of the mortgagor, whose duty as well as
right it is to defend his possession against the claim of
the mortgagee notwithstanding such mortgage was valid
as against the mortgagor."

The appellant has cited us to Jacobi v. Jacobi, 101
Mo. 507; Riddle v. Norris, 46 Mo. App. 512, and kindred
cases, to support his theory of the case. But these cases
refer to the rights and duties of assignees. An assignee
represents the assignor and not the creditor. In the
two cases named it was held that he could not defend
against the mortgage of his assignor on the ground that
it was fraudulent as to creditors, for the reason given.
But the authorities are to the effect that the adminis-
trator or executor is the trustee of the creditors of the
estate they are administering. Hughes v. Menefee,
supra; Story's Eq., secs. 1255-58-60. And an adminis-
trator or executor as such trustee is in duty bound to
defend the estate in his hands, it being insolvent, against
the claim of a mortgagee under a fraudulent mortgage.

Other errors are alleged to have occurred during
the trial, but they do not appear to have been of suffi-

cient importance to have changed the result, and for that reason will not be considered. The court was right in refusing the instruction asked. For the reasons given the cause is affirmed. All concur.