(96 App. Div. 177.) .

### GOVE v. MORTON TRUST CO.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. CHATTEL MORTGAGES—EQUITABLE LIEN.

Where a lender of money to a corporation intended to look to a chattel mortgage on the corporation's assets as security, and such security was not given and accepted at the time originally contemplated, but on the date a new trustee was appointed, and the mortgage filed for record, the acceptance and recording of such mortgage, which was valid against the debtor, precluded the creditor from enforcing an alleged equitable lien.

2. SAME—BANKRUPTCY—CHATTEL MORTGAGES—VACATION—JUDGMENT CREDITORS.

Where a chattel mortgage given by a bankrupt was void, as to a judgment creditor, for failure to record the same until after the recovery of the judgment, it was void as against the mortgagor's trustee in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 67 "a," "b," 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], declaring that claims which for want of record would not have been valid liens as against creditors of the bankrupt shall not be liens against his estate, and that, whenever a creditor is prevented from enforcing his rights as against a lien created by the bankrupt, the trustee shall be subrogated, and entitled to enforce the rights of such creditor for the benefit of the estate.

Appeal from Special Term, New York County.

Action by Leroy S. Gove, as trustee in bankruptcy of the Franklin Typewriter Company, against the Morton Trust Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

J. R. Abney, for appellant.
C. H. Williams, for respondent.

PATTERSON, J. The plaintiff is the trustee in bankruptcy of the Franklin Typewriter Company. He brought this action against the Morton Trust Company, Levi L. Tower, and the Cutler Tower Company to procure a determination of the right, as between himself and the defendants, to a fund now in his possession under a stipulation which appears in the record. That fund results from a sale of certain personal property which belonged to the Franklin Typewriter Company. There is not much dispute as to the facts. The plaintiff asks the court to adjudge that a chattel mortgage held by the defendant the Morton Trust

Company is void, and not a lien upon the funds now in his hands; such funds consisting of the proceeds of sale of the mortgaged chattels. Prior to September 15, 1899, the Franklin Typewriter Company borrowed from Levi L. Tower, one of the defendants, the sum of $10,000. On that day the Franklin Company and Tower entered into an agreement in which it was recited that the Franklin Company, by due authority and in proper form, had provided for the issue of mortgage bonds to the amount of $50,000, and that, being in present need of money, it desired to borrow such amounts as it might require, not exceeding at any one time $10,000; that it was ready and willing, for the purpose of obtaining such loans as should not exceed at any one time $10,000, to deposit with the Tower Company, of New York, as trustee, $30,000 worth of its mortgage bonds, as collateral security, that being the entire issue of such bonds. That seems to be the first important step in the transaction which the defendant Tower had with the Franklin Typewriter Company. It is shown that he loaned that company the sum of $10,000 at or about the time that agreement was made.

We will assume, for all the purposes of this case, that Mr. Tower actually advanced the $10,000, and that he intended to advance it only upon the security of bonds to be issued by the Franklin Company, which bonds were to be secured by a chattel mortgage. Much has been said in argument respecting the unconscionable character of the agreement made between the lender and the borrower, but it is unnecessary to refer particularly to the terms of the loan. The company could not plead usury, and that particular topic may be dismissed. But when the money was paid over by Mr. Tower, it was agreed that there should be deposited with David A. Tower, a nephew of the defendant Tower, 30 bonds, fully executed on the part of the Franklin Typewriter Company, purporting to be secured by a mortgage, and in each of the bonds this recital was contained:

"This bond is one of a series of 50 bonds of like amount, tenor and date, amounting in the aggregate to $50,000 and secured by a first mortgage or deed of trust, of even date herewith, duly executed and delivered by said Franklin Typewriter Company to the said The State Trust Company as Trustee, conveying to the said Trustee all the property, patents, rights, royalties, incomes and franchises now owned by said Franklin Typewriter Company or that may hereafter be acquired by it during the continuance of said mortgage or deed of trust."

It sufficiently appears that the chattel mortgage or deed of trust was fully executed by the Franklin Typewriter Company in pursuance of a resolution of the board of directors of that company, and assented to by its stockholders. When that deed of trust or mortgage—whatever it may be called—was executed by the Franklin Company, it was not delivered to the trustee named therein. Such named trustee did not accept it, but it was delivered, with 30 bonds, to David A. Tower, who was to hold the same until the secretary of the Franklin Company gave notice that the mortgage should be put upon record. The evidence clearly establishes the fact that Levi L. Tower, who advanced the money on the faith of receiving, as collateral, bonds to be secured by a chattel mortgage, was a party to the deposit of the mortgage and the bonds, and to the agreement that the chattel mortgage was not to be

put on file until the secretary of the Franklin Company indicated that it would be proper to do so, in order to secure Levi L. Tower's debt. Here it becomes important to notice dates. The moneys were loaned by the plaintiff in 1899. The mortgage security was not filed, and the State Trust Company never accepted the trust; but on December 18, 1901, the Morton Trust Company, successor to the State Trust Company, did accept the trust, and the mortgage was filed on the same day. A petition in bankruptcy against the Franklin Company was filed March 11, 1902, and it was adjudged a bankrupt June 6, 1902.

Under this state of facts, the plaintiff, as trustee in bankruptcy of the Franklin Company, insists that he is entitled to the fund, and to foreclose the defendants from making any claim thereto. The plaintiff's contention is based upon section 67 "a" and "b" of the bankruptcy act, which provides as follows:

"(a) Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate. (b) Whenever a creditor is prevented from enforcing his rights as against a lien created or attempted to be created by his debtor who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated and he may enforce such rights of such creditor for the benefit of the estate." Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449].

It is evident in the case at bar that Levi L. Tower intended to look to a chattel mortgage as security for the money he loaned the Franklin Company. It is also apparent that the security was given and was accepted, not at the time originally contemplated, but on December 18, 1901. Whatever may be said with reference to the relations of lender and borrower before December 18, 1901, it is plain that at that time the Morton Trust Company accepted the trust, put the chattel mortgage on record, had possession of the bonds to be delivered to Levi L. Tower, and that he, according to his own testimony, had the mortgage put on record. That constituted a legal security of a chattel mortgage, perfectly good as against the debtor, and which we must regard as being void only because it was not duly recorded. In that view, no question can be raised by Levi L. Tower of a right to rely upon an equitable lien. He had his legal lien, which might be lost for noncompliance with the requirement of the statute relating to filing it, but nevertheless it was accepted by him as a legal lien; and if, through his own neglect, or from any other cause, that lien becomes unavailable, he cannot go back to the initiation of the transaction, and claim an equitable lien which would be valid as against the trustee in bankruptcy or the creditors he represents.

But it is said that the chattel mortgage or trust deed, under the law of the state of New York, is void only as against creditors of the mortgagor and subsequent purchasers and mortgagees in good faith, because it was not filed in accordance with the requirement of the law, and there was no change of possession of the property mortgaged. We suppose it will not be disputed that the trustee in bankruptcy takes the property of the bankrupt subject to all liens and charges against it which might be enforced except for the provisions of the bankruptcy law. There is an apparent conflict in the decisions of the courts of

this state respecting the effect of the nonfiling of a chattel mortgage in accordance with the provisions of law on that subject. In Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073, construction was given to the word "creditors" in that provision which declares that, unless filed, the chattel mortgage shall be absolutely void as against the creditors of the mortgagor; and it was held that a simple contract creditor was as much within the protection of the statute as a creditor whose debt had been merged in a judgment. In Stephens v. Perrine, 143 N. Y. 480, 39 N. E. 11, what was held in the case last cited seems to have been approved on that proposition. In Stephens v. Meriden Britannia Co., 160 N. Y. 180, 54 N. E. 781, 73 Am. St. Rep. 678, however, it seems to have been held that where the chattel mortgage is not filed as required by law, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the property mortgaged, although it is void as against judgment creditors of the mortgagor, it is good as between the parties thereto and creditors at large. On carefully reading that case, we are inclined to the view that what was involved there was only a question of the right to maintain a suit by a receiver under peculiar circumstances relating to the situation of the property. But even if we assume that the mortgage would be void as against judgment creditors alone, then there were judgment creditors of the Franklin Company at the time the mortgage was filed. At that time judgments had been entered in favor of Mr. Edwards—one of them on February 11, 1901, and the other on December 16, 1901, two days before the filing of the mortgage.

The present bankruptcy act differs in some respects from preceding enactments of that character, in that it gives to the trustee in bankruptcy, in addition to the rights of the bankrupt, and the authority to set aside transfers made in fraud of creditors, the right which creditors would have to take advantage of the failure to file or record a mortgage or other instrument. Here the right of a judgment creditor to resort to the property covered by the mortgage, and hence to its proceeds, has passed to the plaintiff; and we are of opinion that, as a consequence, he was entitled to the judgment he prayed for.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event. All concur; VAN BRUNT, P. J., in result.