John Brunnemer, as Receiver of the Property of James M. Connelly, a Judgment Debtor, Respondent, *v.* Cook & Bernheimer Company et al., Appellants, and Frank L. Entwistle, as Trustee of the Estate of James M. Connelly, Respondent.

Supplementary Proceedings — Equitable Action by Receiver to Set Aside Chattel Mortgage. A receiver, appointed in proceedings supplementary to an execution issued on a judgment against a mortgagor of chattels, may maintain an action for an accounting by the mortgagee who has sold the mortgaged goods and become the purchaser, upon the ground that the mortgage was void because not filed in the proper county.

*Brunnemer* v. *Cook & Bernheimer Co.*, 89 App. Div. 406, modified.

(Submitted December 2, 1904; decided December 30, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1904, affirming a judgment in favor of plaintiff and of defendant Entwistle as trustee entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Moses Feltenstein* for appellants. The plaintiff, as a receiver in supplementary proceedings, cannot maintain this action. (*Sheldon* v. *Wickham*, 161 N. Y. 500; *Stephens* v. *M. B. Co.*, 160 N. Y. 178; *Castleman* v. *Pryor*, 55 App. Div. 515; *Stewart* v. *Cole*, 43 Hun, 164.) Neither the trustee's pleading nor the findings in his favor supports a recovery upon either of the three causes of action he sets out in his answer. (*Muller* v. *Bruss*, 8 Am. Bank. Rep. 442; *Matter of N. Y. E. P. Co.*, N. Y. L. J. Sept. 20, 1901.) The finding in the terms of the decision in favor of the trustee for $396, the value of the liquor tax certificate, does not entitle the trustee to the judgment recovered. (*Niles* v. *Mathusa*, 162 N. Y. 547; *McNealy* v. *Wely*, 166 N. Y. 124; *Schreider* v. *C.*

*Bank,* 74 App. Div. 478; *Benedict* v. *Deschel,* 77 App. Div. 276.) The judgment in favor of the trustee for the sum of $450, the difference between the amount secured by the mortgage and the price which the property realized at the sale, is sustained neither by the allegations of his pleadings nor by the findings in the case nor is it warranted as a matter of law. (*Stewart* v. *Platt,* 101 U. S. 731.)

*I. Henry Harris* for plaintiff, respondent. A receiver in supplementary proceedings can maintain this action. (*Bostwick* v. *Menck,* 40 N. Y. 383; *Gilbert* v. *Clarke,* 10 Daly, 316; *Kitchen* v. *Lowery,* 127 N. Y. 58; *Mandeville* v. *Avery,* 124 N. Y. 377; *Stephen* v. *Perrine,* 143 N. Y. 476; *Thompson* v. *Van Vechten,* 27 N. Y. 568.)

*Augustus J. Koehler* for respondent trustee.

*Per Curiam.* The plaintiff is the receiver of James M. Connelly, a judgment debtor, appointed in proceedings supplementary to executions issued on several judgments obtained against said Connelly. The appellant, the Cook & Bernheimer Company, was the holder of a chattel mortgage for the sum of $2,050 made by said Connelly, which covered the fixtures in his saloon. This mortgage, as found by the trial court, was not filed in the county where the mortgagor resided. Subsequently the appellant seized the mortgaged chattels, together with other property of the judgment debtor not covered by said mortgage, sold the same to satisfy the mortgage debt and at such sale became the purchaser. The claims of the various creditors whom the plaintiff represents accrued prior to the mortgage sale, but judgments were not recovered on them until subsequent to the sale. The respondent, defendant Entwistle, is the trustee in bankruptcy of the estate of said Connelly appointed as such subsequent to the mortgage sale, but prior to the recovery of the aforesaid judgments. The action originally was brought against the Cook & Bernheimer Company to compel that defendant to account to

the plaintiff for the value of the mortgaged chattels on the ground that said mortgage was void as against the plaintiff's judgments because it was not properly filed.  After the commencement of the action the trustee in bankruptcy, on his own application and without opposition by the other parties, was made a party defendant thereto.  He answered, making three claims against his co-defendant : *First*, for the excess in value of the mortgaged chattels over the sum for which they were sold. *Second*, for the value of the property seized by the appellant which was not included in its mortgage.  *Third*, for the value of a liquor tax certificate transferred by the bankrupt to the defendant in fraud of the Bankruptcy Act.  The trial court found the value of the mortgaged chattels exceeded $3,800, 'and awarded the plaintiff the amount due on the judgments which he represented, the sum of $2,670.22.  It awarded to the trustee in bankruptcy his second and third claims against its co-defendant.  It disallowed his first claim, the value of the mortgaged chattels in excess of the price for which they were sold, but in lieu thereof awarded him the surplus arising on the sale, that is to say, the difference between the mortgage debt and the sum of $2,500, for which the property was sold.  That judgment was unanimously affirmed by the Appellate Division and an appeal was taken to this court.

The appellant challenges the right of the plaintiff to maintain the action at all.  He concedes that the case of *Stephens* v. *Perrine* (143 N. Y. 476) is an authority in support of the action, but insists that that case has been overruled, or at least its authority seriously impaired, by the subsequent decisions of this court in *Stephens* v. *Meriden Britannia Company* (160 N. Y. 178) and *Sheldon* v. *Wickham* (161 N. Y. 500). We think otherwise.  The *Stephens* case decided that though the creditor could not attack an unfiled chattel mortgage until he recovered a judgment on his claim, still that a seizure and sale by the mortgagee prior to a recovery of any judgment did not vest title in him and that he was liable to account for the value of the property to the creditor.  It was also held

that the action was properly brought by a receiver in supple-
mentary proceedings.  All that was decided in the *Meriden
Britannia* case was that an action at law for the conversion
of the mortgaged chattels could not be maintained by the
receiver.  It is not an authority for the proposition that the
mortgagee was not liable in equity to account to the creditor
or his receiver.  The *Sheldon* case merely decided that an
assignee for the benefit of creditors could not maintain the
action because he had no other rights than those of his assignor,
as to whom the unfiled mortgage was valid, except as those
rights had been further extended by the statute, which was
not broad enough to include such a case.  The authority of
*Stephens* v. *Perrine*, therefore, stands in full force.

We cannot see any principle, however, on which the sur-
plus realized on the sale of the mortgaged chattels over the
amount of the mortgage debt could be justly awarded to the
trustee in bankruptcy.  The mortgage seems to have been
good as against him (*Stewart* v. *Platt*, 101 U. S. 731), or at
least the ruling of the trial court to that effect has not been
challenged by either respondent.  Doubtless if there were in
reality a surplus on the mortgage sale the trustee in bank-
ruptcy would be entitled to it, but the surplus was entirely
fictitious.  The property brought only $2,500, the mortgage
was $2,050.  Had the title to the property been unincum-
bered there would have been a surplus of $450.  But the
chattels instead of being unincumbered were subject to the
claims of creditors, which the very judgment before us estab-
lishes at $2,600.  This exceeds the sum for which the chat-
tels were sold, and the result is that, instead of there having
been a surplus, the appellant, by the sale, realizes nothing
on its mortgage debt.  The trial court made some errors
in its rulings on evidence, but we do not think they are
of such vital importance as to require a reversal of the entire
judgment.

The judgment appealed from should be modified by deduct-
ing from the recovery awarded Entwistle, as trustee in bank-
ruptcy, the sum of $450, with interest thereon from Novem-

ber 18th, 1899, and as modified affirmed, with costs to the plaintiff respondent, but without costs to respondent Entwistle, trustee.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment accordingly.