Katherine A. Beebe, as Administratrix of the Goods, Chattels and Credits of Fletcher S. Beebe, Deceased, Plaintiff, *v.* Spencer G. Prime, Defendant.

(Supreme Court, Essex Special Term, April, 1917.)

Injunctions — pendente lite — when granted — chattel mortgages — executors and administrators — Surrogate's Court.

A copy of a chattel mortgage given in 1914 was seasonably filed in the proper clerk's office, and the mortgage was refiled in 1915, but not in 1916. *Held,* that though the mortgage was invalid as against the creditors of the mortgagor, his administratrix, who was in possession of the mortgaged chattels, some of which were included in the inventory of the estate filed in the Surrogate's Court, will be granted an injunction *pendente lite* in an action to permanently enjoin the enforcement of the mortgage.

Application for an injunction pending the action.

O. B. Brewster, for plaintiff.

Charles J. Vert and Raymond C. Price, for defendant.

Pyrke, County J. This action is brought to permanently enjoin the defendant from enforcing a chattel mortgage given by the plaintiff's intestate on June 1, 1914. A copy of the mortgage was seasonably filed

in the proper clerk's office. It was refiled in 1915, but was not refiled in 1916.

The estate represented by the plaintiff is insolvent.

The plaintiff seeks to enjoin the defendant from enforcing the mortgage, upon the theory that it became void as to creditors upon the expiration of the period for refiling in 1916. The defendant opposes the application for injunction, upon the ground that the plaintiff represents no judgment creditor, and that no ground for injunctive relief has been shown. I have reached the conclusion that neither of these opposing points is well taken.

The statute of course declares that a chattel mortgage not refiled " shall be invalid as against creditors of the mortgagor." The familiar rule that creditors must be " armed with some legal process authorizing a seizure of the property " in order to attack an unfiled or unrefiled chattel mortgage is a rule formulated by the court for the obvious purpose of compelling orderly procedure. The reason for the rule is referred to in *Karst* v. *Gane,* 136 N. Y. 316, 323, as follows: " The mortgage * * * cannot be legally questioned until the creditor clothes himself with a judgment and execution, or with some legal process against the property, for creditors cannot interfere with the property of the debtor without process."

This reasoning is further amplified in *Skilton* v. *Codington,* 185 N. Y. 80, 87, as follows: " The rule that a creditor must first recover a judgment is simply one of procedure and does not affect the right. Therefore, where the recovery of a judgment becomes impracticable it is not an indispensable requisite to enforcing the rights of the creditor."

The reason for the rule wholly fails in a case like this, and where the reason fails the rule should be held inapplicable. Here there is no interference with

a debtor's property by a creditor without process. In this case the mortgaged chattels continued in the possession of the mortgagor until his death, came into the possession of the plaintiff upon her appointment, and have there remained. There is reason in the rule that a creditor should not be permitted to interfere with his debtor's property until his claim against the debtor has been adjudicated, but here there has been an adjudication. By the terms of section 2680 of the Code of Civil Procedure, where a claim has been admitted by an executor or administrator, the debt is deemed established; and has practically the force of a judgment. There seems to be no bar, therefore, to the plaintiff's attacking the validity of this mortgage. She has the property in her possession and she represents creditors whose claims have been adjudicated.

In the *Skilton Case, supra,* the court intimated that where the recovery of a judgment became impracticable it could be dispensed with. Where the debtor has died it seems to me that the recovery of a judgment can be said to be impracticable. It is impracticable in the sense that it would serve no useful purpose. While a judgment may be recovered against the representatives of a debtor, no lien upon the personal assets of the estate may be obtained, because no execution can be issued without an order of the Surrogate's Court, and no order will be granted where the effect would be to disturb the equality of distribution which the law contemplates.

The only direct authority in this state which has come to my attention is *Matter of McGovern,* 118 N. Y. Supp. 378. It was there held that a chattel mortgage which had not been refiled "was void as against the administratrix in so far as she represented the creditors of the deceased, although it was valid as against his next of kin." The doctrine of

that case is, as it seems to me, sound, and should be followed.

The situation in my judgment calls for the extension of injunctive relief. As above stated, the mortgaged chattels are in the possession of the administratrix. Some of them are included in the inventory on file in the office of the Surrogate's Court. The administratrix while theoretically representing next of kin, as well as creditors, in any beneficial sense represents only creditors, as the estate is insolvent. The mortgage being void as against creditors, it is the duty of the administratrix to defend her possession. If the defendant were seeking to enforce his mortgage by action, the administratrix would have an adequate remedy by answering in the action. The defendant, however, is seeking to enforce his mortgage by seizure and sale, and the only remedy open to the administratrix to protect her possession, other than the use of force, is an appeal to a court of equity and her appeal should be heeded. The defendant being of ample responsibility, it is argued that the administratrix has an adequate remedy, if the chattels are taken from her possession, by way of an action against the defendant for the value of the chattels. This, in my judgment, involves a circuity of action and does not afford a satisfactory remedy. In *Matter of McGovern, supra,* the administratrix was held accountable to the general creditors for failing to protect their rights by resisting the enforcement of the void chattel mortgage, which the court said it was her duty to contest for the preservation of the estate. With the plaintiff facing personal liability, it strikes me as decidedly wrong to deny her the means for protecting the assets of the estate in her possession, upon the assumption that if they are

wrongfully taken from her, she will be successful in recovering their value

An order may be entered restraining the defendant during the pendency of the action from interfering with the chattels in question.

Ordered accordingly.