ISRAEL ROTKOWITZ, Plaintiff, *v.* MAXWELL M. SOHN and DAVID COHEN, Defendants.

Supreme Court, New York County, February 8, 1930.

*Jesse L. Goldberg,* for the plaintiff.

*Samuel Zinman,* for the defendants.

CRATER, Referee. The evidence presented upon the hearing of this cause points so conclusively to judgment in favor of defendants that we may, without prejudice to any of the parties, overlook some of the technical issues raised, such as the failure of the plaintiff to move or plead with respect to the counterclaim interposed by the defendants.

This action was instituted to secure relief by way of injunction restraining the defendant Sohn, who is the judgment creditor of one Lapides, and defendant Cohen, who is a marshal of the city of New York, from taking any further proceedings against the plaintiff in relation to certain personal property described in the complaint.

The defendants, asserting that the transfer of the property from the judgment debtor, Lapides, to the plaintiff in this action was in fraud of creditors and invalid as to them, claim the right, pursuant to section 278 of the Debtor and Creditor Law (added by Laws of 1925, chap. 254), to disregard the fraudulent transfer and to levy upon the property transferred in satisfaction of the judgments.

Plaintiff bases his title to and right to possession of the property (a drug store) and to freedom from interference therewith by the defendants, on the purchase of the leasehold and fixtures at the foreclosure sale of a chattel mortgage, and to the merchandise in the store by purchase at an execution sale. Plaintiff has heretofore secured an interlocutory injunction and his right to a permanent injunction is to be decided upon the present hearing.

Neither the insolvency of the defendants nor the difficulty of ascertaining the damage which plaintiff would suffer, which alleged facts constituted the basis upon which the interlocutory restraining order was secured, are now in issue. The present claim to injunctive relief must rest on the merits of plaintiff's title.

The conclusion is inevitable that the transfers to the plaintiff by the judgment debtor, which rendered the judgment debtor insolvent and judgment proof, were fraudulent and ineffectual as against the defendants. The invalidity of plaintiff's title is the necessary inference from the following facts:

The mortgage upon the fixtures and leasehold was never filed pursuant to the provisions of section 230 of the Lien Law (as amd. by Laws of 1921, chap. 419) and its execution was not accompanied by immediate delivery or transfer of possession and is, therefore, " absolutely void as against the creditors of the mortgagor."

Plaintiff's contention that the protective language of the statute extends only to judgment creditors and to creditors armed with legal process authorizing seizure of the property, cannot be countenanced in view of the decision of the Court of Appeals in *Stephens* v. *Perrine* (143 N. Y. 476). If any doubt were cast on that point by the case of *Stephens* v. *Meriden Brittannia Co.* (160 N. Y. 178) it has been entirely removed by reaffirmation of the doctrine of the *Perrine* case by the Court of Appeals in *Brunnemer* v. *Cook & Bernheimer Co.* (180 N. Y. 188). (See, also, *Russell* v. *St. Mart*, 180 N. Y. 355.) These latter decisions leave little room for speculation but that the language of the statute means exactly what it says.

Acquisition of the merchandise by the plaintiff is alleged to have taken place in an execution sale. The sale was defective in that no notice thereof was posted in at least three public places of the town or city where the sale was had, as required by section 707 of the Civil Practice Act. Purchasers in good faith, without notice of such omission, are protected by the language of section 662 of the Civil Practice Act. In the present case, however, not only was there no testimony that plaintiff was without such notice but there was an abundance of proof that plaintiff was not a purchaser in good faith.

Within two days after defendant Sohn in this action instituted an action against Lapides to recover $3,200, active steps were taken for the foreclosure of the unfiled mortgage on the fixtures and leasehold held by a brother-in-law of Lapides. Three days thereafter the sale was held and the store and fixtures purchased by the plaintiff, who was an uncle of Lapides. It was purchased for the sum of $1,500, although there was credible evidence that the store had a value of $20,000 and it was conceded that the merchandise in the store had a value of over $7,000.

On the following day Lapides confessed two judgments to the mortgagees. On the same day levies were claimed to be made on the merchandise in the store on the strength of these judgments, but the property was not taken into the possession of the marshals.

On the first possible day thereafter upon which an execution sale could be had under the law, the merchandise was sold to the plaintiff for $1,700. The check given in payment was never deposited. Plaintiff took no possession of the fixtures, took no possession of the premises and Lapides continued to conduct the business as he had been accustomed to. When to this array of facts is added the one that between the alleged levies on and sales of the merchandise Lapides satisfied a $600 judgment, for which plaintiff advanced most of the money, no inference is permissible other than that plaintiff and the judgment debtor jointly proceeded to utilize the legal devices of mortgage foreclosure and execution sales to divest the judgment debtor of his property and to render abortive the attempt of defendant Sohn to satisfy his judgments.

Judgment should, therefore, be rendered in favor of defendants dismissing the complaint and for damages arising out of the injunction.