In the Matter of the Estate of WILLIAM R. SHAY, Deceased.

Surrogate's Court, Livingston County, December 30, 1935.

*William Windsor,* for the administratrix, Charlotte E. Shay.

*Keller & Hopkins,* for the Canaseraga State Bank, a claimant.

*Denton D. Robinson,* for a creditor.

*Harry L. Allen,* for a creditor.

WHEELER (WILLIAM A.), S.   The decedent died July 28, 1934, a resident of the town of Ossian, Livingston county, N. Y.   Prior to his death and on February 8, 1933, he executed and delivered a chattel mortgage, covering certain personal property, to the Canaseraga State Bank, to secure the payment of the sum of $1,100. This mortgage was filed in the proper town clerk's office February 10, 1933, and was never renewed, as required by section 235 of the Lien Law.

This mortgaged property was sold and the proceeds of the sale were deposited with the Canaseraga State Bank, which fund is the subject of this controversy.

The State Bank of Canaseraga, by virtue of the chattel mortgage dated February 8, 1933, and filed February 10, 1933, although never renewed, contends that it is entitled to the entire fund.

Certain creditors, however, contend, because this chattel mortgage was not renewed, that it became invalid as to them, and that the fund in question constitutes an asset of the estate of decedent to be administered according to law.

Section 230 of the Lien Law, in so far as applicable to the question submitted, provides that: " Every mortgage or conveyance intended to operate as a mortgage of goods and chattels   *   *   *   which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor   *   *   * unless the mortgage, or a true copy thereof, is filed as directed in this article." (Lien Law, art. 10.)

Section 235 of the Lien Law provides in part: " A chattel mortgage   *   *   *   shall be invalid as against creditors of the mortgagor   *   *   *   after the expiration of the first or suceeding term of one year, reckoning from the time of the first filing," unless refiled as therein specified.

The term " creditors," as used in the sections quoted, includes all persons who were such while the chattels remained in the possession of the mortgagor. (*Mandeville* v. *Avery*, 124 N. Y. 376; *Karst* v. *Gane*, 136 id. 316; *Thompson* v. *Van Vechten*, 27 id. 568.) A simple contract creditor is as much within the protection of the statute as a creditor whose debt has been merged in the judgment. (*Southard* v. *Benner*, 72 N. Y. 424.)

In *Stephens* v. *Perrine* (143 N. Y. 476) the law as laid down in the above cases was reaffirmed.

It will be noted that section 235 of the Lien Law provides that unless a chattel mortgage is renewed the same shall be invalid as against the creditors of the mortgagor, not merely as against judgment creditors having executions. (*Baker* v. *Hull*, 250 N. Y. 484.) In *Bishop* v. *Spector* (150 Misc. 360) the court held that by failure to renew the chattel mortgage, as provided in section 235 of the Lien Law, within thirty days next preceding the expiration of one year from the first filing of such mortgage, defendant lost protection of such lien as against creditors of the mortgagor, citing *Marsden* v. *Cornell* (62 N. Y. 215); *Matter of Schmidt* ([C. C. A.] 181 Fed. 73, 76); *Matter of Steffens* ([C. C. A.] 31 F. [2d] 660); Lien Law (§ 235); *Baker* v. *Hull* (250 N. Y. 484, 489).

The State Bank of Canaseraga is mistaken in its reliance on the case of *Stephens* v. *Meriden Britannia Co.* (160 N. Y. 178). This case has been commented upon in numerous subsequent decisions. In 1904 the Court of Appeals in *Brunnemer* v. *Cook & Bernheimer Co.* (180 N. Y. 188) held that: " All that was decided in the *Meriden Britannia* case was that an action at law for the conversion of the

mortgaged chattels could not be maintained by the receiver. It is not an authority for the proposition that the mortgagee was not liable in equity to account to the creditor or his receiver  *  *  * the authority of *Stephens* v. *Perrine*, therefore, stands in full force." In *Russell* v. *St. Mart* (180 N. Y. 355, at p. 359) the court said: " It is argued on behalf of the plaintiff that at the time the defendants took possession of the property under their chattel mortgage, they were simple contract creditors and in no position to attack the plaintiff's mortgage or possession. This court has held that a simple contract creditor is as much within the protection of the statute as a creditor whose debt has been merged in a judgment. (*Karst* v. *Gane*, 136 N. Y. 316, 323.) "

The *Meriden Britannia* case was again referred to in *Gove* v. *Morton Trust Co.* (96 App. Div. 177), wherein the court stated: " On carefully reading that case [*Meriden Britannia*] we are inclined to the view that what was involved there was only the question of the right to maintain a suit by the receiver, under peculiar circumstances relating to the property."

The question at bar was before the court in *Skilton* v. *Codington* (185 N. Y. 80). The court held in that case that, by reason of failure to file a chattel, the mortgage was void as against creditors whose claims accrued prior to such filing, and in support of that legal proposition quoted from *Thompson* v. *Van Vechten* (27 N. Y. 568); *Southard* v. *Benner* (*supra*); *Karst* v. *Gane* (*supra*); *Stephens* v. *Perrine* (*supra*), and referring to *Stephens* v. *Perrine*, said: " This decision seems to me controlling on the point we are now considering. It is true that there is to be found in similar cases the statement that the mortgage is void only as to judgment creditors. This statement, if construed in the light of circumstances of the case before the court and with reference to the context of the opinion, is substantially correct." The court held that all that was meant by the expression was that a creditor could not attack the fraudulent transfer until he had obtained some process which authorized the seizure of the debtor's property. That is the true authority of the dicta relating to unfiled chattel mortgages.

The rule that a creditor must first recover a judgment is simply one of procedure and does not affect the right. Therefore, where the recovery of a judgment becomes impracticable, it is not an indispensable requisite to enforcing the rights of creditors.

Judge PYRKE, in the case of *Beebe* v. *Prime* (99 Misc. 668), was met with a situation similar to the instant case. There the administratrix sought to enjoin the defendant from enforcing a chattel mortgage given by her intestate which, though properly filed originally, had not been refiled. The estate was insolvent.

The plaintiff's theory was that the mortgage became void as to creditors upon the expiration of the period for refiling and the defendant opposed the application on the ground that the plaintiff represented no judgment creditor. After citing *Karst* v. *Gane* (*supra*) and *Skilton* v. *Codington* (*supra*) the court said: " Where a claim has been admitted by an executor or administrator, the debt is deemed established; and has practically the force of a judgment. There seems to be no bar, therefore, to the plaintiff's attacking the validity of this mortgage. She has the property in her possession and she represents creditors whose claims have been adjudicated." The court continued: " Where the debtor has died it seems to me that the recovery of a judgment can be said to be impracticable". It is impracticable in the sense that it would serve no useful purpose, and while the judgment may be recovered against the representatives of a debtor, no lien upon the personal assets of the estate may be obtained, because no execution can be issued without an order of the Surrogate's Court and no order will be granted where the effect would be to disturb the equality of distribution which the law contemplates.

In *Rotkowitz* v. *Sohn* (136 Misc. 265) the Lien Law was under consideration. The referee in the course of his opinion said: " Plaintiff's contention that the protective language of the statute extends only to judgment creditors and to creditors armed with legal process authorizing seizure of the property, cannot be countenanced in view of the decision of the Court of Appeals in *Stephens* v. *Perrine* (143 N. Y. 476). If any doubt were cast on that point by the case of *Stephens* v. *Meriden Britannia Co.* (160 N. Y. 178) it has been entirely removed by reaffirmation of the doctrine of the *Perrine* case by the Court of Appeals in *Brunnemer* v. *Cook & Bernheimer Co.* (180 N. Y. 188). (See, also, *Russell* v. *St. Mart*, 180 N. Y. 355.) These latter decisions leave little room for speculation but that the language of the statute means exactly what it says." (See, also, *Bishop* v. *Spector*, 150 Misc. 360.)

It was held in *Matter of McGovern* (118 N. Y. Supp. 378), where a decedent had given a chattel mortgage, but the mortgagee had failed during decedent's lifetime to make the yearly filings required by the Lien Law, that the mortgage was void as against creditors of decedent, though none of them had reduced their claims to judgment, and it was further held that where after the death of the mortgagor the mortgagee foreclosed the mortgage, and sold the property, it was the duty of the administratrix to resist the foreclosure, and that she was accountable to the general creditors for failing to protect their rights by resisting the foreclosure sale.

" The position of an administrator, so far only, of course, as he represents creditors, is analogous to that of a trustee in bankruptcy." Upon the death of the debtor, similarly as upon the commencement of a bankruptcy proceeding, the conflict of diligence must cease and there follows an enforced rule of equality. It is true that a creditor may obtain a judgment against the administratrix, but he cannot thereby gain for himself anything more than a ratable share with non-judgment creditors, of the net assets of the estate. (*Matter of Packard Press*, 3 F. [2d] 232 [C. C. A. 1924]; *Matter of Steiner*, 249 Fed. 880.)

In *Matter of Munson* (70 Misc. 461, 466) the surrogate held that where the mortgagee failed to file, or refile, a chattel mortgage the title to the property covered thereby passed to the estate of the deceased mortgagee and the administrator or mortgagor's estate must account to the creditors therefor.

In addition to that the United States courts in bankruptcy have consistently held that where a mortgage has not been filed or refiled as provided by the Lien Law of the State of New York and the mortgagor becomes bankrupt, the mortgage is void and the property covered thereby becomes a part of the bankrupt's estate to be distributed to general creditors.

It has been frequently held in foreign States which have a statutory provision as to the filing or refiling of a chattel mortgage similar to the New York State mortgages, that where the mortgage is not filed or refiled, as provided by the Lien Law and the mortgagor dies, then the property covered thereby becomes the unincumbered assets of the deceased's estate and must be distributed to the general creditors of the deceased. Chattel mortgages under such conditions are void as against general creditors. (*Blackman* v. *Baxter, Reed & Co.*, 125 Iowa, 118; 100 N. W. 75; *Currie* v. *Knight*, 34 N. J. Eq. 485; *Kilbourne* v. *Fay*, 29 Ohio St. 264; *Hemley* v. *Harmon*, 103 Mo. App. 233; 77 S. W. 136; *First Nat. Bank* v. *Ludvigsen*, 8 Wyo. 230; 56 P. 994; L. R. A. 1918A, 328.)

I, therefore, conclude that the chattel mortgage in question is invalid as against creditors of the mortgagor and that the claim to the fund made by the Canaseraga State Bank should be disallowed and that the fund in question is a part of the assets of decedent's estate to be administered according to law.

Submit decree accordingly.