## In re WEINSTEIN.
### No. 27636.

District Court, W. D. New York.

June 17, 1941.

Gano & Solomon, of Rochester, N.Y., for claimant.

Burns & Burns, of Rochester, N.Y., for trustee.

BURKE, District Judge.

This ▮ application to review an order of the referee in bankruptcy which declared null and void two chattel mortgages given by the bankrupt to the claimant prior to adjudication in bankruptcy. The bankrupt was adjudicated on February 15, 1938. The first chattel mortgage was made and delivered to the claimant on March 24, 1937, in the amount of $549.50 and covered fur skins and equipment in the bankrupt's store. The trustee challenged the validity of the mortgage before the referee upon the ground that the claimant did not comply with the requirements of Section 230-a of the New York Lien Law. The referee has found that the bankrupt did not, at least five days before the execution of the chattel mortgage, make a full and detailed inventory showing the quantity and, as far as possible, the cost price of the articles to the mortgagor and that the claimant did not demand and receive from the bankrupt a written list of the creditors of the bankrupt setting forth under oath a full and complete list of the bankrupt's creditors. The evidence before the referee establishes that at the time the chattel mortgage was executed the bankrupt had at least three creditors none of whom were notified of the execution of the mortgage. The purpose of Section 230-a of the Lien Law is to prevent a fraud upon creditors by disposition of assets and it provides that a mortgage on a stock of merchandise in bulk or any part thereof shall be void against creditors if the conditions prescribed therein have not been complied with. This is an application to mortgages of the Bulk Sales Act, Section 44, New York Personal Property Law. In re Rosom Utilities, 2 Cir., 105 F.2d 132. A chattel mortgage is void as against creditors if the provisions of the section have not been complied with by the parties to the mortgage. Cohen v. Hodes, D.C., 54 F.2d 680. A simple contract creditor is within the protection of the statute as well as those creditors whose claims have been reduced to judgment. Matter of Shay's Estate, 157 Misc. 615, 285 N.Y.S. 379. A trustee in bankruptcy is vested with the rights, remedies and powers of a creditor. Section 47, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 75, sub. a.

■ The second chattel mortgage was dated September 30, 1937, and was filed November 26, 1937. This mortgage was in the amount of $250. The trustee contested its validity before the referee on the ground that it was not filed within a reasonable time. This mortgage also covered equipment in the bankrupt's store. Section 230 of the Lien Law provides that every mortgage which is not accompanied by an immediate delivery and followed by an actual and a continued change of possession of the mortgaged chattels is void as against creditors of the mortgagor unless the mortgage is filed as directed. The directions for filing are contained in Section 232 of the Lien Law. The statute fixes no specified time for the filing of the mortgage but the courts have held that the mortgage must be filed within a reasonable time after its execution. Under the circumstances as disclosed by the evidence the referee was justified in finding that the mortgage was not filed within a reasonable time. Tooker v. Siegel-Cooper Co., 194 N.Y. 442, 87 N.E. 773.

The order of the referee is affirmed.