Cybil J. Brows-, J.
This is a motion for an order directing that the assignee for the benefit of creditors turn over certain equipment and merchandise or the reasonable value thereof to the holder of a chattel mortgage allegedly covering said property. The assignee opposes the motion claiming that the chattel mortgage is void and unenforcible as a lien against the estate by reason of the fact that the provisions of section 230-a of the Lien Law were not complied with at the time the mortgage was executed.
On August 13, 1956 Raymond’s Juvenile Furniture, Inc., the owner of a retail toy business, sold its business together with its leasehold, furniture, fixtures, stock and replacements to Philip Gruber, the assignor herein. As part of the purchase price the purchaser gave promissory notes secured by a chattel mortgage covering the entire business, trade name, fixtures, etc. Subsequently, the mortgagee, Raymond’s Juvenile Furniture, Inc., was dissolved and the chattel mortgage was assigned to Raymond B. Schlessel, the present holder and moving party herein. At the time of the filing of the assignment for creditors in April, 1957 the mortgage was in default and $9,402 of the principal amount had become due thereon. Upon receipt of the assignee’s notice of sale of the estate’s assets, Schlessel filed a claim for all of the items described in the chattel mortgage, claiming that the assignee had no right to sell any of the mortgaged property. The claim was rejected, however, and the mortgaged items were sold for approximately $6,000. Schlessel claims a lien on these proceeds by virtue of his chattel mortgage and seeks an order directing the assignee to turn over the proceeds to him. The assignee for creditors opposes the application, however, contending that the mortgage is invalid as to the mortgagor’s creditors and is thus not a lien upon his estate.
Section 17 of the Debtor and Creditor Law provides: “ Claims which for want of record or for other reasons would not have been valid as against the claims of creditors of the assignor shall not be liens against Ms estate.” The assignee claims that the chattel mortgage is void as to creditors by reason of section 230-a of the Lien Law which provides that a mortgage upon merchandise and fixtures pertaining to the conduct of the business of a mortgagor shall be void against the creditors of the mortgagor unless the mortgagor prepares an inventory of the property mortgaged and gives to all Ms creditors proper notice *11 of the mortgage. It is conceded that when the subject mortgage was executed the mortgagor failed to give any notice of the mortgage to his creditors. Section 230-a is intended to protect the creditors existing at the time of the transfer (Apex Leasing Co. v. Litke, 173 App. Div. 323, 326; McHenry v. Heiderich, 134 Misc. 546; Matter of Weinstein, 40 F. Supp. 798). Thus, the mortgage is invalid as to any of the assignor’s creditors who existed as such at the time of the execution of the mortgage. Accordingly, the property subject to the mortgage is subject to the claims of pre-existing creditors of the assignor, but to those creditors alone.
The papers submitted on this application do not disclose whether there are presently any unsatisfied claims against the assignor’s estate which existed prior to the execution of the subject chattel mortgage.- Accordingly, the assignee for the benefit of creditors is directed to submit to the court within 10 days from this date a schedule of any and all claims presently unsatisfied which existed prior to the time the mortgage was executed. If there are no such creditors, an order will be entered granting the motion in its entirety, directing the assignee to turn over to Raymond B. Schlessel the proceeds realized from the sale of the property subject to the chattel mortgage.