LAVINIA WILLIAMS *et al.*, Respondents, v. EDWARD D. KIRK, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Fraudulent Conveyances:** HOLDING MORTGAGE FROM RECORD: CREDITOR. A mortgagee who withholds his mortgage on a stock of goods from the record for fear of injuring the credit of the mortgagor and thereby induces a creditor to extend credit to the mortgagor invalidates the mortgage as to such creditor.

2. ——: ——: ——: BASIS OF CREDIT. In order to defeat a mortgage withheld from the record the creditor of the mortgagor need not show that he extended credit on the belief that the property was unincumbered, since the courts assume that property is the basis of credit.

3. ——: ——: AGREEMENT. It is not necessary to render void as to a creditor a chattel mortgage withheld from the record to show there was an agreement between the mortgagor and mortgagee so to withhold it. It is sufficient if it appear that the mortgagee kept the mortgage from the record that it might not injure the credit of the mortgagor. *Cases discussed and distinguished.*

Williams v. Kirk.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

REVERSED AND REMANDED.

*Grant I. Rosenzweig, Harmon Bell,* and *Brown, Chapman & Brown* for appellant.

(1)   It is true that some kinds of constructive fraud are cured by subsequent possession taken (where mortgagor retains and sells for his own benefit). These cases, at first blush, seem to be against us. But we pray the court to notice that not one of these cases concerns a creditor who became such during the period of withholding from record—all of them concern creditors who became such either before said period began (before mortgage was made), or after it ended (after the recording). Hence, on analysis, not one of the following decisions touches the point in issue in case at bar, to wit:   *State v. Roever,* 55 Mo. App. 448; *Petring v. Herr,* 90 Mo. 649; *Wright v. Bricker,* 72 Mo. 179; *Frank v. Playton,* 73 Mo. 672; *Frank v. Thomas,* 86 Mo. 80; *Nash v. Norment,* 5 Mo. App. 545; *Greeley v. Reading,* 74 Mo. 309; *Dobyns v. Meyer,* 95 Mo. 132; *Joseph v. Boldridge,* 43 Mo. App. 333; *Manhattan v. Websterm,* 37 Mo. App. 145; *Koppleman v. Fucke,* 39 Mo. App. 146. The above cases are cited lest on inaccurate reading they seem against us. The fact is that they concern different kinds of creditors than we are. Even these decisions are regretted, held to go too far and to be indefensible on principle and not to be extended. *Moser v. Claes,* 23 Mo. App. 420 (426). (2)  As to creditors who became such during the interval after making and before recording of mortgage, the doctrine is contrary—i. e., such withholding from record invalidates as to creditors who became such

during the period of withholding, without exception in all states, including United States supreme court. Jones on Chat. Mtges. 337*a;* Wait's Fraud. Convey. 235; *Bleumerhasset v. Sherman,* 105 U. S. 117; *Jaffray v. Brown,* 29 Fed. Rep. 481; *Blackman v. Preston,* 24 Ill. App. 240; *Hildreth v. Sands,* 2 Johns. Ch. 35 (47); *Bank v. Houseman,* 6 Paige (N. Y.), 526; *McWilliams v. Rogers,* 56 Ala. 87; *Scrivenor v. Scrivenor,* 7 B. Mon. (Ky.) 374; *Hafner v. Irwin,* 1 Ired. (N. C.) Law, 490; *Hildeburn v. Brown,* 17 B. Mon. (Ky.) 779; *Stewart v. Hopkins,* 30 Ohio St. 502; *Coates v. Gerlach,* 44 Pa. St. 43; Bump on Fraud. Convey. 38 and 39; *Beecher v. Clark,* 12 Blatch. 256; *Lyon v. Bank,* 29 Fed. Rep. 566 (577), especially; *Ayres v. Hamrick,* 20 Fed. Rep. 553; *Rumsey v. Town,* 20 Fed. Rep. 558; *Standard v. Guenther,* 67 Wis. 101; *Sanger v. Guenther,* 73 Wis. 356. (3) The same is the law in Missouri, which adopts the language of some of the more important of the above cases *in haec verba.* However far Missouri may go to permit possession taken by mortgagee just before attachment to cure some fraud as to creditors who became such before the making or after recording of mortgage, Missouri, being in harmony in other respects with the general law throughout the country, does not permit such possession on eve of attachment to cure a withholding of mortgage from record as to creditors who became such during such withholding. In Missouri, as elsewhere, a creditor such as we are takes precedence of mortgagee in possession such as plaintiffs are. *Sauer v. Behr,* 49 Mo. App. 86; *Bank v. Doran,* 109 Mo. 40; *State v. Flynn,* 56 Mo. App. 236, (242); *Bank v. Frame,* 112 Mo. 502 (515); *Bank v. Buck,* 123 Mo. 141 (153); *Barton v. Sitlington,* 128 Mo. 164 (174).

*Beardsley & Gregory* for respondents.

(1)   The question here involved has been conclusively settled by the courts in our own state, and the same doctrine is established in other jurisdictions. *Dobyns v. Meyer,* 20 Mo. App. 66; s. c., 95 Mo. 132; *Nash v. Norment,* 5 Mo. App. 545; *Brass Co. v. Webster,* 37 Mo. App. 145; *Petring v. Chrisler,* 90 Mo. 649; *McIntosh v. Smiley,* 107 Mo. 377; *State ex rel. v. Roeber,* 55 Mo. App. 448; *Barton v. Sitlington,* 128 Mo. 164; *Cameron v. Marvin,* 26 Kan. 612; *Gagnon v. Brown,* 47 Kan. 83; *Hausner v. Leebrick,* 51 Kan. 591; *Dry Goods Co. v. McKee,* 51 Kan. 704; *Blumenthal v. Lynch,* 11 N. Y. Sup. 382; *Applewhite v. Mill Co.,* 49 Ark. 279.   (2) That the agreement to keep the mortgage from record is necessary is clearly laid down in *Hegeler v. Bank,* 129 Ill. 157; *Mull v. Dooley,* 89 Iowa, 312; *Lambert v. McKibben,* 91 Iowa, 345.   In the case of *Bank v. Buck,* 123 Mo. 151; *Bank v. Doran,* 109 Mo. 40; *Bank v. Frame,* 112 Mo. 502; *Sauer v. Behr,* 49 Mo. App. 86, the court found, in each case, that there was an agreement to withhold from record.   This is true also of the cases cited in 67 Wis. 101 and 73 Wis. 356.     *Bank v. Doran,* 109 Mo. 50 (top) makes mortgage void without regard to agreement. 62 Mich. 420; *Standard v. Guenther,* 67 Wis. 101.

ELLISON, J.—This action is replevin and plaintiffs had judgment in the trial court.

Plaintiffs claim the property under a chattel mortgage given to them by the owners.   Defendant is a constable and had seized the property under a writ of attachment sued out by STATEMENT. creditors of the mortgagor owners.   The facts necessary to state for a decision of the cause are these.

The plaintiffs' mortgage was given to secure a

*bona fide* debt owing to them by the mortgagor. Plaintiffs purposely withheld the mortgage from record and allowed the mortgagor to remain in possession until the day before the attachment was levied, being about nine months after the mortgage was executed, at which time they recorded the mortgage and took possession of the property covered by it. In the interval, between the time the mortgage was executed and the time it was recorded and possession taken, the mortgagor became indebted to the creditor for whom defendant levied the attachment, the debt for which the attachment was levied was made in the interval; the creditor having no knowledge of the mortgage.

In our opinion, the mortgage was fraudulent and void as to such creditor. It is true that we have a well recognized line of cases in this state, of which *Dobyns v. Meyer*, 95 Mo. 132, is a type, holding that where the fraudulent character of a chattel mortgage is such that it may be cured by possession being taken by the mortgagee, and such mortgagee takes possession before the rights of third parties attach, the mortgage will be held valid, notwithstanding that it may have been invalid up to the time of taking possession. But this case presents a different consideration. It is placed without the class of cases referred to by the fact that here the rights of third parties have intervened, though they had not attached to the property in specie. These mortgagees intentionally withheld the mortgage from record for fear, as their own testimony shows, that its going on record would injure the mortgagor, and the creditor, without knowledge of its existence, permitted the mortgagor to become indebted to him. It would be a fraud upon the creditor to allow the mortgagee to so cover the mortgagor's property. It is such a fraud as that the principle of estoppel *in pais* may be invoked in

FRAUDULENT conveyances: holding mortgage from record: creditor.

favor of the creditor and against the mortgagee.   The mortgagee has by a line of conduct induced the creditor to extend credit, or permit the creation of the indebtedness to him on the faith of appearances which the mortgagee now seeks to say were not real.   He can not in justice be permitted to do so.

It is true that there is no direct proof in this case that the creditor, when he dealt with the mortgagor, inquired for incumbrances on the property *basis of credit.* or that he dealt with him on the faith of the property being unincumbered. But we must assume that in business affairs, property is a basis of credit.   It is a matter of common observation and knowledge that the giving a chattel mortgage by a business concern injures its credit.   It would be palpably unfair and unjust to permit one to accept a conveyance securing an indebtedness and keep it concealed from others until after they have extended credit to the grantor.

Counsel state that the question involved here has not been decided in the appellate courts of the state. If it has not, there are a number of cases which have announced a principle (on facts much like these, except that they relate to real estate) which applies to what we have written.   *Bank v. Doran,* 109 Mo. 401; *Bank v. Frame,* 112 Mo. 502; *Bank v. Buck,* 123 Mo. 141; *Barton v. Sitlington,* 128 Mo. 164.   Some interesting cases from other states are found supporting our views, and which concerned personal property.   *Root v. Harl,* 62 Mich. 420; *Hilliard v. Cagle,* 46 Miss. 336.

In *Barton v. Sitlington, supra,* Judge BURGESS quotes with approval the following from Jones on Chattel Mortgages, section 337a:

"But if it appears that the mortgage was withheld from record in order to enable the mortgagor to remain in possession of a stock of goods and to deal with it as

his own and thereby aid him in making purchases of new goods on a false credit, the mortgagee will be estopped as against parties so misled from asserting the existence of a lien under his mortgage. But no one can complain of a failure to file a chattel mortgage for any length of time, unless after its date and before its filing, or before the mortgagee takes possession under it, the creditor assailing it has dealt with the mortgagor as he would not have dealt had the mortgage been recorded.

II. But it is said that there was no proof of an agreement between mortgagor and mortgagee that the mortgage should be withheld from record and the legal proposition is urged that to render the mortgage fraudulent there must have been an *agreement*. The cases of *Hegeler v. Bank*, 129 Ill. 157, *Mull v. Dooley*, 89 Iowa, 312, and *Lumbert v. McKibben*, 91 Iowa, 345, are cited in support of this contention. It is not necessary for us to say whether we consider it essential to the invalidity of a mortgage withheld from record that there should be an *agreement* to withhold it. For, in this case, conceding there was no agreement between the mortgagor and mortgagee, we think, as before stated, it clearly appears that the mortgagee kept the mortgage from the records in order that it might not injure the credit of the mortgagor. We deem this to be equivalent to an agreement to withhold it. It is certainly as effectual in its results.

The circuit court took the view that possession being taken by the mortgagee before the levy of the attachment validated the mortgage, or, at least, prevented it from being declared invalid by those who had no claim on the specific property, thus placing the case in the class of *Dobyns v. Myers*, *supra*. And this view is supported by the supreme court of Kansas in

*Cameron v. Marvin*, 26 Kan. 612. The argument advanced to support this view is that since the creditor is a general creditor, with no right to any specific property, and since the mortgagee had a right to take security for his claim at any time, and since, in case of a mortgage withheld from record, he does no more by taking possession than he could have done by taking the property in pledge, or by a mortgage then executed, no harm could result to the creditor. It seems to us that there is omitted from such argument the whole equity of estoppel *in -pais*. Besides it is not always a question, when dealing with a fraud *feasor*, whether his fraudulent conduct has actually, in any given case, worked an injury to the complainant. Furthermore, it must be apparent that he who takes mortgage security, does so for an advantage to himself. He secures an advantage over other creditors. He has a right to this advantage when he pursues a proper course. But if he be allowed this advantage by a deceptive line of conduct—by a concealment—the tendency of which is to deceive and give false credit, he ought to be deprived of such advantage. It may be that, in many instances, a debtor would not give a mortgage but for the inducement of concealment which is held out to him. The tendency and result of permitting acts of this nature are against fair dealing. It is against the policy of the state as evidenced by the registry acts. When it is so well known that the execution of a chattel mortgage by a trading concern is a matter of alarm to all who have business connections with such institution, who can say that parties who deal with it would have extended credit, if they had known of the mortgage? Every presumption is they would not.

Among other cases defendant cites us to *McIntosh v. Smiley*, 32 Mo. App. 125; s. c., 107 Mo. 377. That

case has no application to this; from the fact that the decisive fact in this case did not present itself in that. Besides, Judge HALL was careful to state in *McIntosh v. Smiley*, that possession taken by the vendee completed "his title against all persons except those whose rights may have *intervened between the sale and the taking of possession*" (italics ours). In the case at bar, as we have attempted to show, plaintiffs' superior equity arose after the mortgage was made and before possession was taken.

The result is that we reverse the judgment and remand the cause. All concur.