## SIMMONS v. GREER.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

No. 847.

1. BANKRUPTCY (§ 188*)—MORTGAGES—CONSIDERATION—MONEY ADVANCED.
   A mortgage on a bankrupt's stock of goods for money loaned at the time the mortgage was actually executed is not invalidated by the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 286; Dec. Dig. § 188.*]

2. BANKRUPTCY (§ 184*)—MORTGAGE LIENS—VALIDITY—"CREDITORS."
   Civ. Code S. C. 1902, § 2456, provides that mortgages shall be valid, so as to affect subsequent lien or simple contract creditors, only when recorded within 40 days, but that the subsequent recording shall be notice to all creditors who become such after the date of the recording. Held, that the words "subsequent creditors" meant only those who became such

after the execution of the mortgage, not including the mortgagee, so that, where a mortgage on the bankrupt's stock was not recorded within 40 days, and before recording other claims arose, exceeding the amount of a fund realized from the sale of the property, the mortgagee was not only not entitled to a lien, but was not entitled to share with such "creditors."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. § 184.*

For other definitions, see Words and Phrases, vol. 7, pp. 6734, 6735.]

Pritchard, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of South Carolina, at Charleston, in Bankruptcy.

Proceedings for the distribution of a fund arising from the sale of the bankrupt's mortgaged stock of merchandise. From an order disallowing the claim of the mortgagee (161 Fed. 300), he appeals. Affirmed.

B. A. Hagood (T. Moultrie Mordecai, on the brief), for appellant.
E. Randolph Williams (Henry Buist, on the brief), for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. This is a controversy over the distribution of a fund arising from the sale of a stock of merchandise belonging to the bankrupts which, on February 20, 1906, was mortgaged to the appellant, B. I. Simmons. So far as affected by the bankrupt law, it is conceded that, as to the $1,958.89 loaned at the time the mortgage was executed, the mortgage is not invalidated by the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). The question in controversy arises from the fact that the mortgage was kept off the record until April 5, 1906, a period of over 40 days, and there are creditors of the bankrupt who became such in the interval between the execution of the mortgage and its recording whose claims exceed the amount of the fund.

The statute of South Carolina enacts that mortgages of real or personal property shall be valid, so as to affect subsequent creditors, whether lien creditors or simple contract creditors, only when recorded within 40 days; but the subsequent recording shall operate as notice to all creditors who become such after the date of the recording. Section 2456 of the Civil Code of South Carolina of 1902. This act, therefore, creates a class of creditors who are not affected by the mortgage, while all others take rights which are subordinate to it. That class is those who have become creditors between the date of the mortgage and the date of its record, and that without regard to whether they are "lien creditors or simple contract creditors." If there is a fund to be distributed among creditors, and some take subordinate to a lien, and there are others who are not affected by the lien, the result must be that those who are not affected by the lien are paid first, and the lien creditor is postponed to them. This was the ruling of the learned District Judge in Re Cannon, supported by

his careful opinion published in 121 Fed. 582, with full citation of authorities, and that was his ruling in the present case.

The assignments of error on this appeal are in effect that the judge below should have held that Simmons, the mortgagee, was entitled to share in the fund with the subsequent creditors. This contention must be upon the theory that he was as to his debt a subsequent creditor. This, we think, is an obviously strained and untenable construction. Simmons' debt and the mortgage to secure it were created simultaneously, and the debt cannot be said to have been subsequent to the mortgage. The only sensible meaning to be given to the words "subsequent creditors," used in the statute, is that they are creditors who became such subsequent to the execution of the mortgage. The South Carolina statute governs the rights of the respective parties. By that statute, and the construction placed upon it by the South Carolina courts, the mortgage is good without recording as to the bankrupt and as to all creditors whose rights accrued prior to its execution, and it is of no effect as to those creditors, whether simple contract or lien creditors, whose rights accrued between the execution of the mortgage and its recording. The ruling below gave effect to the statute.

In Piester v. Piester, 22 S. C. 139–143, 53 Am. Rep. 711, the question was whether the holders of the bonds secured by the mortgages should share ratably with the subsequent creditor because of the statute fixing the order in which a decedent's debts should be paid out by his estate; and the lower court so held, but the appellate court reversed the lower court on that point, and approved the ruling that, so far as the rights of creditors who come within the category of subsequent creditors were concerned, the unrecorded mortgage should be treated as nonexistent.

The sole error assigned upon this appeal, and which is properly before us to be considered, is that the District Court should have held that the mortgagee ought to have been allowed to share as a subsequent creditor ratably with the creditors to whom the bankrupt became indebted after the date of the mortgage. This we think would have been error, and the court was right in not so ruling.

Affirmed.

PRITCHARD, Circuit Judge, dissents.