### In re ABELL.

### LACY v. CITIZENS' BANK.

(Circuit Court of Appeals, Eighth Circuit. July 22, 1912.)

No. 123.

BANKRUPTCY (§ 312*)—PRIORITY OF CLAIMS—UNRECORDED MORTGAGE—ABANDONMENT OF SECURITY.

There is no ground for postponing the claim of the holder of a chattel mortgage given by a bankrupt, which was for a time withheld from record, to the claims of other creditors who became such during that time, where he asserts no lien by virtue of the mortgage, but has proved as an unsecured creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 496–500; Dec. Dig. § 312.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Revise Order of District Court of the United States for the Eastern District of Missouri.

In the matter of one Abell, bankrupt. Petition by Nat M. Lacy, trustee, to revise an order of the District Court. Dismissed.

George W. Groves, for petitioner.

Ben Eli Guthrie (Ben Franklin and R. W. Barrow, on the brief), for respondent.

Before SANBORN and HOOK, Circuit Judges, and WILLARD, District Judge.

WILLARD, District Judge. A statement of the facts in this case is all that is necessary to show that there is no merit in this petition.

In December, Abell, the bankrupt, executed and delivered to the respondent, the Citizens' Bank of Macon, Mo., a note for $9,800 and a chattel mortgage to secure it. The mortgage covered the entire stock of merchandise then in Abell's store at Macon. There was an understanding between Abell and the officers of the bank that the mortgage should not be filed, and it was not filed until January 16, 1911. On that day the bank attempted to take possession of the property. Abell was adjudicated a bankrupt, apparently on June 19, 1911. When the petition for the adjudication was filed does not appear.

Prior to the first meeting of the creditors the bank voluntarily relinquished all claims it may have had under the mortgage, and voluntarily turned the property named in the mortgage over to the trustee in bankruptcy. At the first meeting of the creditors it presented a claim, as an unsecured creditor, for $19,208.58, which claim was allowed. In this sum was included the note of $9,800 secured by the chattel mortgage. A dividend having been declared, Lacy, the trustee, filed a petition, alleging that all of the creditors who had proved claims became such creditors between the date of the mortgage and the date of its filing, and asked that the bank be barred from claiming any of the proceeds of the mortgaged goods until these creditors had been paid in full. This petition was denied by the referee. His order was affirmed by the court, and Lacy, the trustee, has presented to this court this petition to review.

It is difficult to see how any support for the trustee's position can be found in the cases cited by his counsel. In re Bothe, 173 Fed. 597, 97 C. C. A. 547; In re Wade (D. C.) 185 Fed. 664.

The petition to revise is dismissed.