## L. A. BECKER CO. v. GILL.

## In re OSBORN CONFECTIONERY CO.

(Circuit Court of Appeals, Eighth Circuit. May 29, 1913.)

No. 3,817.

1. BANKRUPTCY (§ 184*)—CONDITIONAL SALE—RECORD.

Where a contract of conditional sale of a soda fountain to a bankrupt was never recorded as required by the Missouri law in which state the bankrupt resided, it was void as to subsequent general creditors of the buyer and his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 166*)—MORTGAGES—PREFERENCES.

A bankrupt, having purchased a soda fountain from claimant under a conditional contract of sale which was never recorded, three days before bankruptcy proceedings were commenced executed a chattel mortgage on the fountain to the seller, which was immediately recorded. At this time, however, the bankrupt was hopelessly insolvent, and claimant's representatives had reasonable ground to believe a preference was intended, and would result from the mortgage. *Held*, that the mortgage was void as against the bankrupt's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–258; Dec. Dig. § 166.*]

3. BANKRUPTCY (§ 345*)—CONDITIONAL SALE—CHATTEL MORTGAGE—INVALIDITY—RIGHTS OF SUBSEQUENT CREDITORS.

Where a contract of conditional sale executed by a bankrupt was invalid because not recorded, and a chattel mortgage on the same property executed three days before bankruptcy was void as a preference, the right of subsequent creditors to urge such objections was defensive merely against the seller so as to invalidate a lien giving a preference on distribution in bankruptcy, and did not entitle such creditors to priority in the distribution of proceeds as against the seller, who on filing his claim as a general one was entitled to participate equally with such subsequent creditors in the distribution of the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

Smith, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburg, Judge.

In the matter of bankruptcy proceedings of the Osborn Confectionery Company. From an order denying a petition of the L. A. Becker Company for the proceeds of a soda fountain and appurtenances in the hands of Charles S. Gill, trustee in bankruptcy, and postponing petitioner's claim to the claims of subsequent creditors, petitioner appeals. Modified and affirmed.

Edwin A. Krauthoff, of Kansas City, Mo. (Alexander New and E. J. Geittman, both of Kansas City, Mo., on the brief), for appellant.

Lester W. Hall, of Kansas City, Mo. (Justin D. Bowersock and Inghram D. Hook, both of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, HOOK, and SMITH, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOOK, Circuit Judge. This is an appeal from an order denying the petition of L. A. Becker Company, the appellant, for the proceeds of a soda fountain and appurtenances in the hands of the trustee in bankruptcy and postponing its general claim against the bankrupt's estate to the claims of subsequent creditors.

[1] The property was sold by the appellant to the bankrupt about five months before the proceedings in bankruptcy were begun upon a contract reserving title in the vendor. The transaction occurred in the state of Missouri. The contract of sale was never recorded. Three days before the proceedings were begun the bankrupt gave the appellant a chattel mortgage upon the same property to secure the price then fixed somewhat in excess of the amount specified in the prior contract, and the mortgage was promptly recorded. In the interval between the contract and mortgage the bankrupt incurred other debts in its business aggregating more than the value of the property in question. The mortgage is said to have been substituted for the contract, but the appellant claims under each independently, and also that, aside from any rights under those instruments, the property was originally obtained from it by fraud of the bankrupt.

In First National Bank v. Connett, 73 C. C. A. 219, 142 Fed. 33, 5 L. R. A. (N. S.) 148, we held that in Missouri the lien of a chattel mortgage does not come into existence until the instrument is recorded or possession is taken under it; and, while neither is done, it is void as to subsequent general creditors or a trustee in bankruptcy. In McElvain v. Hardesty, 94 C. C. A. 399, 169 Fed. 31, the above rule was held applicable to contracts of conditional sale in that state. We are satisfied with those decisions, and therefore will not reconsider them. We think the construction of the state statutes and decisions is sound, and, in addition, makes for the observance of the letter and spirit of the registry laws and business honesty.

[2] But it is urged that, even if appellant fails on the contract, it has a valid lien by the chattel mortgage. As already observed, the mortgage was taken and promptly recorded three days before the proceedings in bankruptcy were commenced. But a thorough consideration of the evidence convinces us that at that time the bankrupt was hopelessly insolvent, and that the representatives of appellant had reasonable grounds for believing a preference was intended and would result. Counsel rely too greatly upon the representations of the president of the bankrupt in the face of the fact which must have clearly appeared when the mortgage was taken that his statements and his promises were altogether unreliable. Of course, too much of observation and inquiry suggested by it should not be required of a creditor seeking security, but he ought to do what a creditor would naturally and ordinarily do when not fearful of the bankrupt act; he should not carefully pick his way to avoid information. As to the claim that the original sale to the bankrupt was induced by false and fraudulent representations, it is sufficient to say that no rescission or effort at reclamation on that ground occurred before the proceedings in bankruptcy were commenced.

[3] One other question remains: The trial court, having held the unrecorded contract of conditional sale void as to creditors who be-

came such after it was executed, then ruled that, while appellant might prove its claim as a general creditor, it could not participate equally with them because they, the subsequent creditors, had an equitable lien on the property in question superior to the prior general creditors, and were first entitled to the proceeds. The court followed In re Wade (D. C.) 185 Fed. 664, and Simmons v. Greer, 98 C. C. A. 408, 174 Fed. 654. We think the right of the subsequent creditors is merely a defensive one against the holder of the contract of conditional sale who has failed to comply with the registry statute, and that it is not a lien giving them a preference upon distribution in bankruptcy. It prevents the successful assertion against them of an unrecorded instrument, but does not in addition confer an affirmative right against others. In such cases the defense against the unrecorded instrument is generally due directly or primarily to the provisions of the statute. In a broad sense the statute is founded upon considerations of justice and equity which are recognized and frequently referred to by the courts in construing and applying it, but it was not intended by such references to give the parties so protected a substantive lien superior to others. If the holder of the unrecorded instrument made no claim on it, but was content to be a general creditor, it would hardly be contended that subsequent creditors upon discovering its existence could bring it up themselves as ground for a lien or preference over creditors otherwise of the same class. It does not seem admissible that the existence of such a lien should depend upon the assertion of the unrecorded instrument by the holder and his failure. Equity has a large place in the administration of the bankruptcy law, but so far as may be without disturbing positive rights the dominant note is that "equality is equity." An assignment for the benefit of creditors which is vacated by proceedings in bankruptcy may yet be used to defeat, for the benefit of the estate, an intervening execution levy. Reed v. McIntyre, 98 U. S. 507, 25 L. Ed. 171. Section 67f of the present act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) provides that liens obtained by legal proceedings within four months prior to the filing of the petition in bankruptcy shall be void unless the court preserves them for the benefit of the estate. In First National Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. Ed. 967, liens of attaching creditors void under the section cited were nevertheless preserved for the trustee against a prior unrecorded conveyance by the bankrupt which solely regarded was valid between the parties and as to the trustees. And the property so saved was for the general estate, not for a special class of creditors. If in the case at bar liens had been obtained by the subsequent creditors by judicial proceedings within the four months, they would, in the discretion of the court, have been set aside or retained for the benefit of the general estate in bankruptcy. Yet, it is urged that by an equitable lien, purely by construction, the subsequent creditors regardless of proximity in time to the bankruptcy proceedings secure a preference they might not have been able to get by industrious resort to the courts. In equity it would appear that when appellant's contract is out of the way its right of participation is equal to that of subsequent creditors. Its property enriched the estate of the bankrupt as well as theirs, and to deny it a

ratable participation would be an undue punishment for an ineffectual attempt to secure or protect itself. It is suggested that In re Bothe, 97 C. C. A. 547, 173 Fed. 597, is authority for the ruling of the court, but it was made clear in the opinion in that case that the subsequent creditors alone sought the proceeds of the mortgaged chattels, and, being successful, no one objected when the trial court classed the mortgagee with them for distribution. In re Abell, 117 C. C. A. 243, 198 Fed. 484, is a nearer approach. In that case all the creditors who proved claims, except the mortgagee, became such while the mortgage was unrecorded. The court denied them a preference over the mortgagee who, having abandoned the mortgage, obtained an allowance as an unsecured creditor. We think the proceeds of the property in question are assets of the general estate and that appellant is entitled to participate ratably with all unsecured creditors.

As so modified the order is affirmed.

SMITH, Circuit Judge (dissenting). I concur in the foregoing opinion so far as it affirms the judgment of the District Court, but respectfully dissent from the modification made of its order.

The District Court held that the proceeds of the soda fountain should be distributed to the creditors who became such between the time of the conditional sale and the filing of the chattel mortgage but allowed the claim of L. A. Becker Company as a general creditor against the estate of the bankrupt. In its decree the District Court contented itself with deciding that the funds be distributed in accordance with the principles announced in In re Wade, 185 Fed. 664. That was a case decided by the same judge and fully considers the question, and I shall not in general review the authorities there cited, but fully concur in all that is there said concerning them.

This court has decided that the chattel mortgage created a voidable preference, and the question now under consideration is with reference to the conditional sale contract. The case is one of construction of the Missouri statute on the subject. That law is as follows:

"Conditional Sales Void as to Creditors Unless Recorded.—In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain to the vendor, lessor, renter, hirer or deliverer of the same, until such sum, or the value of such property, or any part thereof, shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property." Section 2889, Revised Statutes of Missouri, 1909.

The language of this statute is slightly different from that in reference to chattel mortgages, but the majority opinion announces that this court has construed them as identical in meaning and refuses to reconsider the question of differences in verbiage. It has been held by the courts of Missouri that a chattel mortgage is, while unrecorded, void as against both prior and subsequent creditors, yet if before a

prior creditor obtains a lien the mortgage is recorded, or if the mortgagee takes possession that will defeat the prior creditor in his efforts to assert his claim as superior to the mortgage. But this is not true of a creditor who became such subsequent to the giving of the mortgage and before the mortgage was recorded or the mortgagee took possession. Landis v. McDonald, 88 Mo. App. 335. And the same ruling was announced by this court in the First National Bank of Buchanan County v. Connett, 142 Fed. 33, 73 C. C. A. 219, 5 L. R. A. (N. S.) 148. Whether the law is the same in reference to conditional sales depends upon whether the word "subsequent" towards the close of section 2889 modifies creditors as well as purchasers, but that is not material here.

In First National Bank of Buchanan County v. Connett, this court said:

"Such a mortgage is also utterly void as to simple contract creditors who extended credit after it was given and who have secured no title or lien by purchase, execution, attachment, or otherwise. As to them the subsequent recording of the instrument is of no effect; *it cannot be asserted against the enforcement of their demands.*"

The opinion quotes the maxim "equality is equity," but, of course, this does not mean that one party to litigation may not have superior equities which control the determination of the case.

This court in In re Bothe, 97 C. C. A. 547, 173 Fed. 597, said:

"As between the mortgagee and those dealing with and extending credit to the mortgagor subsequent to the date of the mortgage and prior to the recording of it, there is an obvious equity in favor of the latter."

Assuming that section 2889 of the Revised Statutes of Missouri refers only to subsequent creditors, it positively declares that as to them the contract of conditional sale is void, and yet the majority hold that the owner is entitled to set it up and take under it a pro rata share of the proceeds of the property.

The question under consideration is not one of general law, but of Missouri law. Did the property pass to the trustee subject to an equitable lien in favor of creditors subsequent to the conditional sale contract? I think it did. Assuming there are no prior creditors and the holder of the conditional sale contract has a claim nine times as great as the aggregate of the claims of the subsequent creditors and that the property sells for just enough to pay the subsequent creditors under this decision do they get their claims paid in full? No. They get 10 per cent. of their claims or of the amount the property sells for and the vendor gets 90 per cent. of the gross proceeds under his contract which is expressly declared to be void as to them.

The only case cited by the majority which seems to me to in any manner sustain the holding is the very brief opinion in Re Abell, 117 C. C. A. 243, 198 Fed. 484. In that case a bank had a claim for $19,-208.58 of which $9,800 had been secured by an unrecorded chattel mortgage which had been abandoned. "A dividend having been declared, Lacy, the trustee, filed a petition, alleging that all of the creditors who had proved claims became such creditors between the date of the mortgage and the date of its filing, and asked that the bank be barred from claiming any of the proceeds of the mortgaged goods un-

til these creditors had been paid in full. This petition was denied by the referee."

To have sustained the application in that case in its fullness would have required the court to hold not only that the subsequent creditors were entitled to be paid in full before the bank could draw anything upon its debt secured by a chattel mortgage, but before it could draw anything upon the $9,400 of its claim which had never been secured by chattel mortgage. Manifestly such an order could not be made. The court in that case said:

"It is difficult to see how any support for the trustee's position can be found in the cases cited by his counsel. In re Bothe, 173 Fed. 597, 97 C. C. A. 547; In re Wade (D. C.) 185 Fed. 664."

The court did not announce that either of these cases was overruled, but that they failed to furnish any support for the trustee's position, and of course that was true.

A holding that one is not entitled to participate under a chattel mortgage or a conditional sale contract is not a holding that he is not entitled to participate under claims never secured by chattel mortgage or conditional sale contract. It is manifest the court did not mean to overrule those cases, and it is equally manifest that In re Wade is on all fours with the case at bar.

I regard the case of Simmons v. Greer, 98 C. C. A. 408, 174 Fed. 654, in the Circuit Court of Appeals of the Fourth Circuit, as substantially on all fours with this case, and as fully sustaining the trial court.

I entertain no doubt that the case should be affirmed without modification.