## T. L. SMITH CO. v. ORR.

### (Circuit Court of Appeals, Eighth Circuit. May 12, 1915.)

#### No. 4232.

#### (*Syllabus by the Court.*)

1. RECEIVERS ⊜77—CONDITIONAL SALE—UNRECORDED CONTRACT—CREDITORS —RECEIVER'S POWER TO AVOID.

   A receiver appointed in a suit in equity instituted by a creditor against his insolvent debtor to administer and convert into money the property of the debtor, and distribute the proceeds thereof among his creditors, has the power of creditors "armed with process" to disregard or avoid, under section 2889, Revised Statutes of Missouri 1909, the unrecorded condition in a contract of conditional sale to the debtor of personal property, which the receiver finds in his possession and there seizes, even though no creditor had sued out any process before the receiver made the seizure.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 91, 138–144; Dec. Dig. ⊜77.]

2. COURTS ⊜365—LOCAL LAW—DECISION OF STATE COURT—FEDERAL COURTS.

   The question whether or not such a receiver has such power is a question of local law, of the construction of a statute of the state, and of the determination of its judicial practice thereunder, and the decision of this question by the highest judicial tribunal of the state is controlling in the federal courts.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969– 971; Dec. Dig. ⊜365.

   Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by Isaac H. Orr, receiver, against the T. L. Smith Company. Decree for complainant, and defendant appeals. Affirmed.

Edwin C. Luedde (Augustus L. Abbott and John B. Edwards, both of St. Louis, Mo., on the brief), for appellant.

George H. Williams, of St. Louis, Mo., for appellee.

Before SANBORN and SMITH, Circuit Judges.

SANBORN, Circuit Judge. In a suit in the court below by Kemmerer and others, creditors of the St. Louis Blast Furnace Company, a corporation of Missouri, to secure the appointment of a receiver, the administration and conversion into money of the property of the Furnace Company, and the distribution of the proceeds thereof among its creditors, a receiver was appointed on September 24, 1912, who found in the possession of the Furnace Company and seized a No. 5 Symonds vibratory crusher, which the Furnace Company held under a contract of sale with its vendor, the T. L. Smith Company, a corporation, which was conditioned that the title to the crusher should remain in the vendor until the purchase price was paid. No part of that price had ever been paid, and in view of these facts the Smith

Company applied to the court below for an order on the receiver to deliver the crusher to it. The fact was, however, that the statutes of Missouri, where the vendee received and held the crusher, and where the suit was pending, provided that in every case in which personal property should be sold on condition that the property should belong to, or that the title should remain in, the vendor until the purchase price was paid, that condition should "be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property" (Revised Statutes of Missouri 1909, § 2889), and this condition of the sale of the crusher had never been recorded. The Smith Company met this situation with the contention that the receiver was neither a purchaser in good faith, nor a creditor, nor a representative of any creditor of the Furnace Company, and that he had no greater rights than that company. The court below held that the receiver was the representative of and was endowed with the rights of the creditors, and it adjudged the sale absolute as to him, and denied the application of the vendor. The vendor then appealed to this court, and has assigned this ruling as error.

[1, 2] The question is whether or not a receiver appointed in a creditors' suit in Missouri to administer and convert into money the property of an insolvent debtor, and to distribute the proceeds thereof among its creditors, has the right and power to avoid an unrecorded condition of a contract of conditional sale which the creditors might have disregarded if no receiver had been appointed. This is a question of local law, of the construction of a statute of Missouri, and of the determination of the judicial practice under it in that state, and if there were a decision of this question by the highest judicial tribunal of that state it would be controlling in the federal courts. No such decision, however, has been cited or found, but the following rules of law and practice seem to prevail in the courts of that state: Under a statute which declares an unrecorded chattel mortgage void against any other person than the parties thereto, strangers may not, but creditors of the mortgagor prior to the mortgage who levy process upon the mortgaged property before the mortgagee takes possession thereof, subsequent creditors without process, and subsequent purchasers in good faith may, disregard or avoid the mortgage. First Nat. Bank v. Connett, 142 Fed. 33, 38, 73 C. C. A. 219, 224, 5 L. R. A. (N. S.) 148; Landis v. McDonald, 88 Mo. App. 335, 340; Williams v. Kirk, 68 Mo. App. 457, 461. Creditors who are "armed with process" may, and those who are not thus armed may not, disregard or avoid the unrecorded condition of a contract of conditional sale under section 2889 of the Statutes of Missouri. Thompson & Co. v. Massey, 76 Mo. App. 197, 204. An assignee of the mortgagor for the benefit of his creditors may not disregard or avoid an unrecorded chattel mortgage. Jacobi v. Jacobi, 101 Mo. 507, 512, 14 S. W. 736; Riddle v. Norris, 46 Mo. App. 512, 515; Tufts v. Thompson, 22 Mo. App. 564, 568. The same rule governs the right of an assignee for the benefit of the creditors of a vendee in an unrecorded contract of conditional sale to disregard or avoid the unrecorded condition. Thomas Mfg. Co. v. Huff, 62 Mo.

App. 124, 126. But an administrator or an executor of an insolvent estate may disregard or avoid an unrecorded chattel mortgage, because by virtue of the law and practice in Missouri he represents and acts for the creditors. Hughes v. Menefee, 29 Mo. App. 192; Hemley v. Harmon, 103 Mo. App. 233, 238, 239, 77 S. W. 136. Thus far, but no farther, the decisions of the courts of Missouri clearly lead; but they leave the decision of the exact question under consideration to reason and to other authorities.

The reason, however, for the decisions of those courts that an assignee of the vendee for the benefit of his creditors may not, and the administrator or executor of the estate of an insolvent vendee may, disregard or avoid the unrecorded condition of a sale, is that the powers of the former are conferred by the voluntary act of the vendee, and they cannot be greater than those which the vendee possessed, while the powers of the latter are conferred by the law and the appointment of the court, and include, not only the powers of the vendee, but the powers and rights of his creditors. The position of a receiver in a suit brought by a creditor against an insolvent debtor for the appointment of a receiver, the administration and sale of his property, and the distribution of its proceeds among his creditors is more nearly analogous to that of an administrator of the estate of a deceased person than that of an assignee for the benefit of creditors. He is appointed, his powers are conferred, and his duties are imposed by the court and the law, and not by the voluntary conveyance of the debtor. His primary duty is to hold, administer, convert into money, and distribute the proceeds of the property for the benefit of the creditors, for they have the larger, and generally the entire, pecuniary interest in it. He is appointed on the petition of a creditor for the benefit of the creditors, and is in fact their representative far more than he is the representative of the debtor. At the time this receiver was appointed the creditors of the Furnace Company had the right to procure and levy attachments or executions upon the vibratory crusher here in controversy, and thereby to avoid the condition of its sale. The appointment of the receiver and his seizure of the crusher thenceforth prevented them from exercising that right. It is just and equitable that the receiver whose appointment prevented the creditors from exercising their right to avoid the condition should exercise that right for them. The courts of Missouri declare that a creditor "armed with process" may avoid or disregard the condition of his debtor's unrecorded contract of sale, and they have held that a creditor who has sued out an attachment or execution against the property of such a debtor, placed it in the hands of a sheriff, and caused him to levy it upon the property sold, is such a creditor.

A creditor who has sued out an order of a court of equity that a receiver be appointed, and that he take possession of all the property of the debtor for the purpose of its administration, sale, and distribution among his creditors, who has placed this order in the hands of the receiver, and has caused him to seize the property, is not less armed with process. Indeed, he is armed with a more comprehensive and effective process—a process by which all the property of the debtor may be seized, administered, sold, and distributed. In view of these con-

siderations, the conclusion is that a receiver appointed in a suit in equity instituted by a creditor against his insolvent debtor to administer, convert into money the property of the debtor, and distribute the proceeds thereof among his creditors, has the power of creditors armed with process to disregard or avoid, under section 2889, Revised Statutes of Missouri 1909, the unrecorded condition in a contract of conditional sale to the debtor of personal property which the receiver finds in his possession and seizes there, even though no creditor had sued out any process before the seizure. In re Wilcox & Howe Co., 70 Conn. 220, 39 Atl. 163, 166; Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207, 62 Atl. 841, 842, 843; H. K. Porter Co. v. Boyd, 171 Fed. 305, 313, 96 C. C. A. 197.

The portion of the decree below challenged by this appeal was in accord with this conclusion, and 'it is affirmed.