## In re BENNETT.

(District Court, W. D. Missouri, C. D. January 3, 1920.)

1. **Sales** ☞465—**Filing of conditional sale contract held sufficient.**

The filing for record of a conditional sale contract, although it is not acknowledged nor recorded, *held* a compliance with Rev. St. Mo. 1909, § 2889.

2. **Bankruptcy** ☞163—**Filing of conditional sale contract within four months does not effect preference.**

That a conditional sale contract was not recorded until within four months prior to the bankruptcy, and after insolvency of the purchaser, does not render surrender of the property to seller an unlawful preference.

3. **Bankruptcy** ☞184(2)—**Unrecorded conditional sale contract void against subsequent "creditors."**

Under Rev. St. Mo. 1909, § 2889, requiring recording of conditional sale contracts to render them valid against creditors of the purchaser, and the law of the state as settled by decision, a conditional sale contract, reserving title in the seller, *held* void as against general creditors in bankruptcy of the purchaser, whose debts were incurred subsequent to the contract, but before it was recorded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

In Bankruptcy. In the matter of Eugenus H. Bennett, bankrupt. On review of order of referee denying petition of the B. F. Avery & Sons Plow Company to reclaim property. Affirmed.

Ellis & Yale, of Kansas City, Mo., and Lamm, Bohling & Lamm, of Sedalia, Mo., for petitioner.

G. W. Barnett and Paul Barnett, both of Sedalia, Mo., for trustee.

VAN VALKENBURGH, District Judge. [1] Two subsidiary questions are presented, which may be briefly disposed of. The referee held that the reservation of title in the petitioner was void because the contracts of conditional sale were not acknowledged and recorded, as required by section 2889, R. S. Mo. 1909, but were merely filed for record, which the referee deemed not to be a compliance with that statute. In my memorandum, filed in this same case on review of the order of the referee denying the reclamation petition of the Acme Harvesting Machine Company, I decided this contention, as here, in favor of the petitioner.

[2] It is said that, although the referee does not specifically so state, he inferentially holds that, because the conditional sale contracts in controversy were filed within four months prior to bankruptcy and while bankrupt was insolvent, the surrender of the goods sought to be reclaimed would effect an unlawful preference. The decision of the Supreme Court in Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, is conclusive upon this point, which is resolved in favor of petitioner.

[3] The main, and indeed the only substantial, point of controversy submitted, is thus stated in the brief of counsel for petitioner:

"The referee erred in holding that said contracts were void as to general creditors of said bankrupt, whose debts were incurred between the dates of the

execution of said contracts and the date of their filing, to wit, January 11, 1919."

It may be noted, in passing, that the petition in bankruptcy was filed January 24, 1919, just 13 days later. Counsel contends that this ruling is in conflict with the ruling case in Missouri on this subject, to wit, Thompson & Co. v. Massey, 76 Mo. App. 197, and with those of the Circuit Court of Appeals for this circuit, in T. L. Smith Co. v. Orr, 224 Fed. 71, 139 C. C. A. 517, and In re Terrell, 246 Fed. 743, 159 C. C. A. 45.

With respect to the latter case it will be sufficient to say that it was decided, not only upon the faith of the statute of Oklahoma, but also upon the decisions of the Oklahoma courts in construing that statute (246 Fed. loc. cit. 753, 159 C. C. A. 45), in which section 2894 is given controlling force and effect. This section reads thus:

"In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract."

No such provision is found in the statutes of Missouri, nor is any such condition injected by judicial decision. Judge Reed, in his opinion, dismisses the cases of In re Martin (Petition. of Bothe) 173 Fed. 597, 97 C. C. A. 547, and First National Bank v. Connett, 142 Fed. 33, 73 C. C. A. 219, 5 L. R. A. (N. S.) 148, with the remark that they were decided under the recording law of Missouri, which differs in this very vital particular from that of Oklahoma.

Counsel is correct in saying that Thompson & Co. v. Massey is, in fact, the ruling case, in so far as there is one, in Missouri, on the point in question, and the language of Judge Sanborn in T. L. Smith Co. v. Orr, supra, is expressly based upon that Missouri case. Neither of these cases, properly read, are decisive of the point, as counsel for petitioner claims. A moment's reflection will make this clear. It is conceded that the law requiring the recording of chattel mortgages would postpone this petitioner under the admitted facts in this case. Section 2861, R. S. Mo. 1909, provides:

"No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto, unless" recorded, etc.

At the outset it was contended that "any other person" did not include creditors, because creditors were not specifically named. The courts, however, decided that creditors were obviously included within those terms. This would ordinarily mean a creditor, as understood generally and specifically in many other jurisdictions, that is to say, a creditor, armed with process, who had fastened upon the property prior to recordation; but promptly and decisively the Missouri courts made an obvious distinction between antecedent creditors and subsequent creditors, those whose debts accrued between the giving of the mortgage and the filing of the same for record. Williams v. Kirk, 68 Mo. App. 457; Landis v. McDonald, 88 Mo. App. 335. In the latter case the following language from Crippen v. Fletcher, 56 Mich. 386, 23 N. W. 56, is quoted as an approved statement of the reasoning upon which this doctrine is predicated:

"When a chattel mortgage exists and is concealed, it is, under the statute, void for the reason that it produces a false appearance of entire solvency when in fact a person known to have mortgaged his stock would not be as likely to get credit as one who had given no such security; and those who deal with such a debtor are liable to be defrauded by appearances. One who gives credit under such circumstances is necessarily exposed to that mischief, and the law has removed all questions of suspicion or notice by making chattel mortgages void, at all events, against creditors who deal with a debtor so situated. Such creditors are directly within the policy of the statute."

As against the antecedent creditor the mortgage may be validated by recordation, or by possession taken prior to the time when such creditor has fastened upon the property by legal process. The subsequent creditor need take no such step for the preservation of his right; as to him a superior right in equity is immediately created, which cannot later be divested by any act of the mortgagee; this right is affirmative and offensive, as well as defensive. For example, in Williams v. Kirk, supra, the mortgagee had already recorded its mortgage and taken possession of the property covered by it the day before the subsequent creditor levied an attachment thereon. It was held that the subsequent creditor had acquired a clear equitable right superior to the mortgagee, which entitled him to relief without the necessity of fixing a lien as a prerequisite. This holding, as many thus stated, was to effect the manifest object, purpose, and spirit of the law.

Counsel contends, however, that the rule in conditional sales is otherwise; but the Court of Appeals for this circuit, in two cases, McElvain v. Hardesty, 169 Fed. 31, loc. cit. 35, 94 C. C. A. 399, and L. A. Becker v. Gill, 206 Fed. 36, 37, 124 C. C. A. 170, has expressly held that in Missouri this rule is applicable to contracts of conditional sale. In the latter case Judge Hook says:

"We think the construction of the state statutes and decisions is sound, and, in addition, makes for the observance of the letter and spirit of the registry laws and business honesty."

This would seem to settle the controversy, unless the later case of Smith Co. v. Orr, 224 Fed. 71, 72, 139 C. C. A. 517, as founded upon Thompson & Co. v. Massey, 76 Mo. App. 197–204, has announced a different conclusion. Counsel for petitioner thinks it has.

In Smith Co. v. Orr, Judge Sanborn was not dealing with the question here presented. He decides that a receiver appointed in a suit in equity instituted by a creditor against his insolvent debtor to administer and convert into money the property of the debtor, and distribute the proceeds thereof among his creditors, has the power of creditors armed with process to disregard or avoid, under section 2889, R. S. Mo. 1909, the unrecorded condition in a contract of conditional sale to the debtor of personal property, which the receiver finds in his possession and there seizes, even though no creditor had sued out any process before the receiver made the seizure. The question presented was whether the receiver had rights greater than the vendee company; it appearing that no creditor had fastened any lien upon the property. As an incident to his opinion, but in no sense as controlling his conclusion, the learned judge stated what could be done by creditors in the

case of an unrecorded chattel mortgage, and what he conceived could and could not be done by creditors in the case of an unrecorded contract of conditional sale. He announces that the question is one—

"of local law, of the construction of a statute of the state, and of the determination of its judicial practice thereunder, and the decision of this question by the highest * * * tribunal of the state is controlling in the federal courts."

Pursuant to this unquestioned rule he states that:

"Creditors who are 'armed with process' may, and those who are not thus armed may not, disregard or avoid the unrecorded condition of a contract of conditional sale under section 2889 of the Statutes of Missouri."

He bases this conclusion expressly and solely upon the decision of the St. Louis Court of Appeals in Thompson & Co. v. Massey, 76 Mo. App. 197–204; but Thompson & Co. v. Massey does not bear out this interpretation. Judge Sanborn, of course, did not have in mind at that time the distinction between antecedent and subsequent creditors as sharply defined under the policy of the Missouri law, a policy upon which the courts of this state have insisted with great consistency and much elaboration. The state Court of Appeals, in Thompson & Co. v. Massey, was dealing with an antecedent creditor claiming only under a conveyance made as a security for a pre-existing debt. It stated correctly the law applicable to such a creditor. It said:

"Even if there had been a conditional sale, the mover is wholly mistaken in assuming it to be invalid as to him for want of registration. The fault in his entire argument is that it fails to distinguish who are 'creditors' in the statutory sense. Section 5178 of the Revision employs this term twice, and in both cases in the same sense. Collins v. Wilhoit, 108 Mo. 451. The sense in which it is used is that of creditors, 'armed with legal process,' such as an execution or an attachment."

Thus far the text seems to support the deduction of Judge Sanborn in Smith Co. v. Orr, and was amply sufficient for his purposes. But this significant sentence, based upon the facts in that case, follows:

"A mere creditor not so armed, *but claiming only under a conveyance made as a security for a pre-existing debt*, does not belong to the class of 'creditors' mentioned in the statute, and no case in this state can be found which so holds."

There is nothing, then, in the case of Thompson & Co. v. Massey which is inconsistent with the rule favoring subsequent creditors which is steadfastly maintained in the Missouri courts. It is true that Judge Bond does not state the alternative, if the creditor there involved had been subsequent, instead of antecedent. It was unnecessary by reason of the facts disclosed in his record. 76 Mo. App. loc. cit. 200, 201. And it cannot be supposed that he would knowingly have departed from the long line of consistent rulings in analogous cases in the appellate courts of his jurisdiction.

No reason can be adduced for any distinction in this particular between chattel mortgages and contracts of conditional sale. In the statute applicable to the former, creditors are not expressly named; but, when named, by necessary judicial construction, they have the same legal status as in the conditional sale statute in which they are

expressly named; and if the courts of this state distinguish between antecedent and subsequent creditors in the one case, there is no reason why they should not do so in the other case. This is necessary to effect the object and spirit of the statute, which is thus stated in Landis v. McDonald, supra:

"The object to be attained by the statute is so apparent, is so·well understood and universally acknowledged, that we need scarcely do more than mention it. Its object is to protect persons dealing with him who claims to be the owner of the property with which he may be dealing, or upon the faith of which others may be dealing with him."

See Wurmser v. Sivey, 52 Mo. App. loc. cit. 428.

Section 47a of the Bankruptcy Act, as amended in 1910, provides:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." Comp. St. § 9631.

This section is hardly necessary to enable the trustees, on behalf of creditors, to assert the right here vested in subsequent .creditors, because it was always the rule that in the bankruptcy court all fixed rights which had accrued prior to the filing of the petition in bankruptcy should be preserved. Under all the decisions hereinabove referred to, this equitable right accrued to the subsequent creditor immediately upon the extending of credit intermediately between the giving of the mortgage or contract of conditional sale and the date of recordation. It was a right of which that creditor could not be divested by any subsequent act of the mortgagee or conditional vendor. It existed independently of the exercise of any affirmative act for its enforcement. It would be idle, under the spirit and purpose of the law, and the status of the parties created by the very operation of that law, to require such a creditor, as a condition precedent to the enjoyment of that right, to sue out any form of legal process as an antecedent creditor is required to do. The subsequent creditor is already armed with all that is necessary for his protection, and the trustee is fully empowered to preserve and assert his rights for the benefit, not alone of such subsequent creditors, but through them for the benefit of the entire estate. L. A. Becker v. Gill, 206 Fed. 36, 124 C. C. A. 170. That such rights are not restricted to liens previously acquired through legal process is substantially recognized by the language of the Supreme Court in Martin v. Commercial National Bank, 245 U. S. 513-519, 38 Sup. Ct. 176, 178 (62 L. Ed. 441):

"We think it properly follows that before a trustee may avoid a transfer because of the provision in question he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while unrecorded and within the specified period."

Such was the claim and right belonging to the subsequent creditors in this case under the local law of Missouri, and under the decisions of the Circuit Court of Appeals in First National Bank v. Connett, In re Martin, McElvain v. Hardesty, and L. A. Becker v. Gill, hereinbefore cited. And I have no idea that in T. L. Smith Co. v. Orr it

was intended advisedly to depart from the doctrine theretofore consistently announced by that court. So thoroughly am I convinced that the rule in this jurisdiction is and should be as I have stated it that I feel that the order of the referee herein must be approved and affirmed. Of course, it must follow that, in accordance with the doctrine announced in L. A. Becker v. Gill, supra, the claim of the petitioner herein must be allowed as a general claim, and that the fund involved must be distributed ratably among all creditors of the same class.