## In re PRICE DRUG CO.

### Petition of HESSIG–ELLIS DRUG CO.

District Court, E. D. Missouri, Southeastern Division. May 12, 1927.

Nos. 997, 998, 1003.

1. **Bankruptcy ⚖️151—Trustee takes status of lien creditor as of date of filing of petition (Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).**

Under the provision of Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), vesting a trustee, as to property in the custody of the court, with all the rights of a creditor holding a lien by legal or equitable proceedings, the trustee takes the status of such creditor as of the time when the petition in bankruptcy is filed.

2. **Bankruptcy ⚖️184(1)—Conditional sale contract, recorded before bankruptcy of purchaser, held valid as against trustee (Rev. St. Mo. 1919, § 2284; Bankruptcy Act, § 47a, as amended by Act Cong. June 25, 1910, § 8 [U. S. Comp. St. § 9631]).**

Under Rev. St. Mo. 1919, § 2284, providing that unrecorded conditional sale contracts shall be void as to subsequent creditors, and Bankruptcy Act, § 47a, as amended by Act Cong. June 25, 1910, § 8 (U. S. Comp. St. § 9631), where such a contract was recorded before bankruptcy of the purchaser, it is valid against the trustee in bankruptcy.

3. **Bankruptcy ⚖️212—Under Missouri statute, conditional seller must tender to trustee of purchaser amount paid on property before reclamation (Rev. St. Mo. 1919, § 2285).**

Rev. St. Mo. 1919, § 2285, requiring the seller by a conditional sale contract, before he may reclaim the property, to tender to the purchaser the amount paid thereon, applies after bankruptcy, and where the property has passed into the hands of his trustee the tender must be made to him as a condition to its reclamation.

In Bankruptcy. In the matter of the Price Drug Company, bankrupt. On review of order of referee, denying petition of the Hessig-Ellis Drug Company for reclamation of property. Reversed and remanded, with instructions.

M. P. Huddleston, of Paragould, Ark., for petitioner.

O. A. Knehans, of Cape Girardeau, Mo., for trustee.

FARIS, District Judge. In this estate an order was made by the referee denying to petitioner reclamation of certain soda water furniture, fixtures, and appurtenances, which came into the hands of the trustee in bankruptcy. Petitioner, Hessig-Ellis Drug Company, brings up the validity and correctness of such order by a petition for review.

Petitioner is engaged in business at Memphis, Tenn. The bankrupt began business in June, 1924, at Cardwell, Mo. On June 3, 1924, and seemingly, therefore, at the very beginning of its business the Price Drug Company bought the merchandise in controversy, pursuant to a conditional sale agreement, which agreement was neither filed nor recorded until the 23d day of November, 1926. A little more than one month thereafter, the Price Drug Company was adjudicated a bankrupt, to wit, on the 29th day of December, 1926. The trustee took possession of the property in controversy, and petitioner duly brought its reclamation proceeding, which, as said, was denied by the referee; whereupon the instant petition for review was sued out. Petitioner did not tender back, under the provisions of section 2285, R. S. Mo. 1919, any part of the money paid to it by the bankrupt under the conditional sale agreement.

[1, 2] The trustee contends that the conditional sale agreement is absolutely void, under the provisions of section 2284, R. S. Mo. 1919, as to creditors whose debts accrued after the making and before the recording of the agreement, and that all, or practically all, of the claims thus accrued. Petitioner, upon the question of law, contends contra.

While I am greatly impressed with the reasoning of what is said in the case of In re Bennett (D. C.) 264 F. 533, I feel constrained to follow the rule laid down in the case of Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. The instant case involves a construction, as to one point herein, at least, of section 47a of the Bankruptcy Act, as amended by the Act of June 25, 1910 (Comp. St. § 9631). In the Bailey Case, supra, the facts are quite similar to, if not on all fours with, the facts involved in the case at bar. There, as here, the document evidencing the lien relied on was not promptly recorded, but it was recorded some two months before the filing of the petition for adjudication. The statute of Kansas, which ruled that case, is in fact far more favorable to the contentions of the trustee here than is the apposite statute of Missouri. The Missouri statute provides that unrecorded conditional sale agreements shall be *void as to subsequent creditors*, while the Kansas statute, in the section cited by the Supreme Court in the Bailey Case, supra, provides simply that such unrecorded liens shall be *void as*

*to creditors* without differentiation touching whether the creditors are antecedent or subsequent.

It may be regretted, for, that it creates doubt that the substance of the Kansas statute as set out by the Supreme Court in the Bailey Case (loc. cit. 275 [36 S. Ct. 54]) does not accurately quote such statute. But, be this as it may be, the Supreme Court took occasion to construe in that case section 47a, supra, which is the identical statute involved here. The court held that, since the instrument evidencing the lien was in fact recorded before the petition for adjudication was filed, the trustee could not recover; and that, as seen already, is the situation here. Upon the point the court said, at page 276 (36 S. Ct. 54), this:

"Had it been intended that the trustee should take the status of a creditor holding a lien by legal or equitable process as of a time anterior to the initiation of the bankruptcy proceeding, it seems reasonable to believe that some expression of that intention would have been embodied in section 47a as amended. As this was not done, we think the better view, and one which accords with other provisions of the act, is that the trustee takes the status of such a creditor as of the time when the petition in bankruptcy is filed. Here the petition was filed almost two months after the contract was filed for record, and therefore the trustee was not entitled to assail it under the recording law of the state."

I concede that logically, and in the light of constructions which have been had of the various statutes of the several states as to the rights of creditors in property on which there is an unrecorded lien, a different conclusion is possible. Cf. In re Bennett, supra. But it is much to be desired that a general rule, if possible, shall be laid down; otherwise, confusion akin to chaos will occur. The Supreme Court in the Bailey Case, supra, construing the statute on which the trustee is here relying, has in effect said that, whatever the rights of the trustee, cognate to those given by the statutes of the several states to creditors, may be, those rights are to be applied to the case as of the date of filing the petition for adjudication. So, at least, I am constrained to construe the Bailey Case, and the language quoted.

Obviously any other rule would not only, as said already, result in irreconcilable conflict and confusion among the several states, but would result in confusion in any given state for that great practical difficulty

would arise in determining who are antecedent creditors and who are subsequent creditors (under the Missouri statute, for example). Moreover, difficult questions would arise in the apportionment of the proceeds, resulting, it would seem in some cases, in giving either the whole of their debt, with a surplus over, to subsequent creditors, while antecedent creditors would have to content themselves with smaller dividends, or perhaps get nothing. For logically, under the rule for which the trustee contends, the statute of Missouri, upon the view in the Bennett Case, cannot be construed to protect antecedent creditors. To construe it as protecting antecedent creditors, in any case where there are subsequent creditors, or where there are not, would be to read into the statute something which the Legislature did not see fit to write into it.

So the rule announced in the Bailey Case, aside from the fact that it concludes courts of inferior jurisdiction, seems at least to be a necessary rule of convenience, even though it be found impossible to fully reconcile it with each and every state statute on the subject, and with the local construction put on such statutes. It follows that recording the conditional sale agreement before the filing of the petition for adjudication was a sufficient compliance with the law of Missouri, so far as concerns the rights of the trustee in the property in controversy. What the effect of the situation might have been on the rights of subsequent creditors bringing individual and independent actions for their debts, absent bankruptcy, I do not and need not rule. The Legislature, in enacting section 2284, supra, did not hold in mind the effect of the federal Bankruptcy Act thereon, or attempt to construe the two acts in pari materia, or wholly to reconcile them.

[3] In this case no tender of any part of the sum received by petitioner from the bankrupt on the purchase price has been made. Section 2285, R. S. Mo. 1919, provides that before anything sold under a conditional sale agreement can be reclaimed, the vendor shall tender to the purchaser—now the bankrupt here—the total of the installment sums paid, less not more than 25 per cent. of such aggregate payments, unless the property has been broken or actually damaged, in which latter event there may be deducted from the sum tendered an additional sum as reasonable compensation for breakage and for damage.

*Petitioner contends* that it may reclaim

without compliance with the above section of the Missouri statute; that it may retain the full amount of some $375, paid by the bankrupt on the purchase price, and also reclaim all of the property sold. It also contends that, since it is a citizen of a foreign state, the statute invoked by the trustee has no application to it, and that if it does apply, the statute is invalid. I think the very statement of the last contention, without the necessity of exposition or authority, furnishes its own refutation.

The first contention seems novel, however, and merits discussion. It is clear that, had not bankruptcy occurred, the petitioner could not have reclaimed from the vendee without making the tender required. But bankruptcy happened, and now must petitioner make tender to the trustee of the bankrupt? I am of opinion that it must. It is true the statute does not in terms require partial restitution to any one except to the "purchaser, lessor, renter, hirer thereof, or any party receiving the same." The trustee, even before the amendments of 1910 to the Bankruptcy Act, stood for many purposes in the shoes of the bankrupt, and succeeded to his rights, titles, and interests. Ordinarily, what the bankrupt could have done, the trustee could do. The trustee is the *party receiving the property,* pursuant to devolution of title by law.

Moreover, courts, in enforcing the Bankruptcy Act, are authorized to solve legal difficulties to an extent along just and equitable lines. If in fact it is legally correct to say that the trustee, as to such tender, stands under the statute in the shoes of the bankrupt vendee, and for this reason alone may enforce such tender, then it may well be that petitioner, having here made no tender has no standing to reclaim at all, unless a modicum of reliance in its favor be had on well-known doctrines of abstract justice and equity. The case of Vette v. Drug Co., 137 Mo. App. 229, 117 S. W. 666, lends some color to both of the views herein upon the last two points discussed, especially in construing section 2285, supra (then section 3413, R. S. Mo. 1899), as applying to reclamation from a trustee in bankruptcy.

I conclude that the petition for review should be granted, and the case sent back to the referee, with instructions to grant the petition for reclamation, upon petitioner's complying in all things with the provisions of section 2285, R. S. Mo. 1919, as to tender; and so it is ordered.